IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

7TH & ALLEN EQUITIES,           )
                                )  Civil Action
            Plaintiff            )  No. 11-cv-01567
                                )
       vs.                       )
                                )
HARTFORD CASUALTY INSURANCE      )
   COMPANY,                      )
                                )
            Defendants           )

O R D E R

NOW, this 19th day of May, 2011, it appearing that plaintiff's Complaint filed March 4, 2011 fails to establish that this court has jurisdiction over the subject matter of this case,[1]

---

[1] "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corporation v. Friend, ___ U.S. ___, 130 S.Ct. 1181, 175 L.Ed.2d 1029, 1042 (2010). See Liberty Mutual Insurance Company v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995), which interprets 28 U.S.C. § 1447(c) as a statute which "compels a district court to address the question of jurisdiction even if the parties do not raise the issue." Subject matter jurisdiction is non-waivable. See Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 76-77 (3d Cir. 2003). The party asserting jurisdiction "bears the burden of showing that the case is properly before the court at all stages of the litigation." Id.

In this case, plaintiff's Complaint alleges that subject matter jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332, which gives district courts original jurisdiction to hear civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. Although plaintiff alleges that the matter in controversy exceeds $75,000, it has not sufficiently established the citizenship of each party.

The Complaint alleges that plaintiff 7th and Allen Equities "is a limited partnership organized and existing under the laws of Pennsylvania with a principal place of business" at a specified address in Mount Laurel, New Jersey. (Complaint, paragraph 2.) It further alleges that defendant Hartford Casualty Insurance Company "is a corporation organized and existing under the laws of Indiana with a principal place of business" at a specified address in Hartford, Connecticut. (Complaint, paragraph 3.)

For purposes of pleading diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which is has been incorporated

(Footnote 1 continued):

IT IS ORDERED that plaintiff shall have until on or before June 3, 2011 to file an amended complaint in accordance with this Order. Failure to file an amended complaint which establishes this court's jurisdiction on or before June 3, 2011 may result in dismissal of this action for lack of subject-matter jurisdiction.

BY THE COURT:


/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 1):

and of the State where it has its principal place of business". 28 U.S.C. § 1332(c)(1). Thus, "a party must allege a corporation's state of incorporation and principal place of business." Randazzo v. Eagle-Picher Industries, Inc., 117 F.R.D. 557, 558 (E.D.Pa. 1987) (Lord, S.J.) (emphasis in original); see S. Freedman and Company, Inc. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006). A corporation can only have one principal place of business. Lasch v. Idearc Media Corporation, 2007 WL 4302815, at *2 (E.D.Pa. Dec. 7, 2007)(Surrick, J.)(citing Campbell v. Associated Press, 223 F.Supp.151, 153-154 (E.D.Pa. 1963)(Clary, C.J.); see also Flickinger v. Toys R Us, Inc., 2010 WL 4062815, at *1 (M.D.Pa. Jan. 27, 2010)(Caputo, J.)(citing Campbell, supra).

However, unlike corporations, a partnership is not considered a "citizen" for purposes of establishing diversity jurisdiction. Rather, courts look to the citizenship of each of the partners to determine whether diversity jurisdiction exists. Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008). "[T]he complete diversity requirement demands that all partners be diverse from all parties on the opposing side." Id. at 183.

Here, regarding plaintiff 7th and Allen Equities, the Complaint does not allege who the partners are or what each partner's state of citizenship is. Moreover, although the Complaint alleges that defendant is organized under the laws of Indiana, and that it maintains "a" principal place of business in Connecticut, it does not allege the state where defendant maintains its sole principal place of business. Therefore, subject matter jurisdiction has not been established.

Accordingly, because I am compelled to address the question of jurisdiction even in the absence of objection, I am providing plaintiff with an opportunity to re-plead the grounds for this court's jurisdiction. See S. Freedman and Company, Inc. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006).