IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 7TH & ALLEN EQUITIES,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 11-1567<br><br>JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

Plaintiff, 7th & Allen Equities ("7th & Allen"), by its undersigned counsel, hereby submits this First Amended Complaint against Defendant, Hartford Casualty Insurance Company ("Hartford"), and in support thereof, avers as follows:

### PRELIMINARY STATEMENT

1. This is an action for declaratory judgment, breach of contract, and bad faith arising from Hartford's denial of coverage under an insurance policy that it sold to 7th & Allen.

### PARTIES

2. 7th & Allen is a limited partnership organized and existing under the laws of Pennsylvania with a registered office address of 70 Newtown Road, Warmister PA 18974. 7th & Allen has two partners. They are George M. Diemer, who resides at 1770 Flagler Manor Circle, Breakers West, West Palm Beach, FL 33411, and Craig Rohner, who resides at 222 Kingsley Court, Mount Laurel, NJ 08054.

3. Hartford is a corporation organized and existing under the laws of Indiana that maintains its principal place of business at One Hartford Plaza, Hartford, CT 06115.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a)(1)-(3) because the Eastern District of Pennsylvania is a judicial district in which Hartford conducts business, where the property that is the subject of the action is situated, where 7th & Allen conducts business, owns property and has its registered office, and in which Hartford is subject to personal jurisdiction.

## FACTUAL BACKGROUND

### The Property

6. 7th & Allen owns a commercial property located at 602-618 North 7th Street, Allentown PA 18101 (the "Property").

7. The Property is comprised of three stories and a basement.

8. 7th & Allen rented most of the first floor to Rite Aid Pharmacy ("Rite Aid"), and stored equipment and other materials incidental to its business on the second and third floors of the Property.

9. Rite Aid heated the Property as required by the terms of its lease with 7th & Allen.

10. The heat that Rite Aid provided to the Property protected the sprinkler system from freezing.

NYDOCS1-968591.4

## The Loss

11. On March 4, 2009, a sprinkler on the third floor of the Property leaked.

12. The leak damaged Rite Aid's rental space, some of its inventory, and other areas of the Property.

13. Rite Aid vacated the Property in July of 2009.

14. As a result of the sprinkler leak, 7th & Allen has sustained damages of approximately $2,100,000.

15. 7th & Allen's damages include but are not limited to repair costs, remediation costs, and lost rent.

16. 7th & Allen was not able to pay for all necessary repairs to the Property following the March 2009 sprinkler leak unless Hartford made payments to 7th & Allen under the Policy for that loss.

17. Following the March 2009 sprinkler leak, 7th & Allen notified Hartford of the loss and demanded that Hartford make payments to 7th & Allen under the Policy for all amounts necessary to repair the Property following the March 2009 sprinkler leak.

18. Hartford has failed and refused to make payments to 7th & Allen for the damages and losses that it has suffered as a result of the March 2009 sprinkler leak.

## The Policy

19. Hartford sold 7th & Allen a business insurance policy, number 12 SBA BH6001 DW, for the policy period December 29, 2008 through December 29, 2009 (the "Policy").

20. The Policy provides Special Property Coverage for the Property.

21. The Policy covers "direct physical loss of or physical damage to" the Property "caused by or resulting from a Covered Cause of Loss."

22.　The Policy has the following limits of liability: $5,428,400 replacement cost for the Property; $10,000 for money and securities inside the Property; $5,000 for money and securities outside the Property; and $50,000 in limited fungi, bacteria, or virus coverage.

23.　The Policy also includes business income and extra expense coverage for 30 days.

### The Coverage Denial

24.　On November 19, 2009, Hartford wrote to 7th & Allen's lawyer, Frederic Cohen of Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., and denied coverage stating that it "cannot provide any coverage for this loss."

### COUNT I
### DECLARATORY JUDGMENT

25.　7th & Allen repeats and realleges the allegations in the above Paragraphs as if set forth fully herein.

26.　7th & Allen seeks a declaration pursuant to 28 U.S.C. § 2201 that it is entitled to coverage for the losses it sustained as a result of the March 2009 sprinkler leak at the Property.

27.　An actual and justifiable controversy exists between the parties concerning this issue.

28.　A declaration of the parties' rights and obligations under the Policy will serve to resolve the dispute between them.

### COUNT II
### BREACH OF CONTRACT

29.　7th & Allen repeats and realleges the allegations in the above Paragraphs as if set forth fully herein.

30. A valid contract exists between 7th & Allen and Hartford in the form of the Policy.

31. 7th & Allen timely paid all premiums due under the Policy and materially performed its obligations under the Policy.

32. The Loss was caused by a Covered Cause of Loss under the Policy.

33. The Loss is not excluded by any provision in the Policy.

34. Hartford has breached the Policy by denying coverage.

35. 7th & Allen has sustained damages as a result of Hartford's breach.

## COUNT III
## VIOLATION OF 42 PA. CONS. STAT. ANN. § 8371

36. 7th & Allen repeats and realleges the allegations in the above Paragraphs as if set forth fully herein.

37. An insurance company has a duty to act with the utmost good faith towards its policyholder.

38. This action arises under an insurance policy.

39. Hartford's actions amount to bad faith conduct prohibited by 42 Pa. Cons. Stat. Ann. § 8371.

40. Hartford has acted in bad faith with respect to 7th & Allen by and through its reckless and/or intentional refusal to pay 7th & Allen the benefits to which it is entitled under the Policy.

41. In violation of Pennsylvania law and its duties to 7th & Allen, Hartford has acted in bad faith by:

> (a) unreasonably and recklessly or intentionally denying its obligations to pay benefits to 7th & Allen when it knew or should have known it had an obligation to provide such coverage;

(b) denying 7th & Allen's claim without a reasonable basis and with knowledge or reckless disregard of its lack of reasonable basis;

(c) unreasonably delaying payment of the insurance proceeds due and owed 7th & Allen under the Policy;

(d) violating the Pennsylvania Unfair Insurance Practices Act, 40 P.S. § 1171.1 et seq., by, inter alia, (i) making, publishing, issuing and circulating statements that misrepresent the Policy's benefits, advantages, conditions and terms, (ii) misrepresenting pertinent facts or policy provisions relating to coverages at issue, and (iii) refusing to pay claims without conducting a reasonable investigation based upon all available information; and

(e) otherwise acting intentionally, maliciously, unreasonably, or recklessly in denying 7th & Allen the benefits owed under the Policy.

42. Upon information and belief, Hartford's bad faith denial of 7th & Allen's claim and other bad faith conduct was engaged in for the purposes of (a) placing Hartford's pecuniary interests ahead of 7th & Allen's and (b) withholding from 7th & Allen the rights and benefits to which it is entitled under the Policy.

43. As a result of Hartford's bad faith actions, 7th & Allen has suffered, and will continue to suffer, substantial damages.

44. Pursuant to 42 Pa. Cons. Stat. Ann. § 8371, Hartford is liable for punitive damages, court costs, attorneys' fees, and an award of interest on the amount of the claim from the date 7th & Allen made the claim in an amount equal to the prime rate of interest plus three percent.

WHEREFORE, 7th & Allen seeks:

A. A declaratory judgment that 7th & Allen is entitled to coverage for the losses it sustained at the Property;

B. Compensatory damages;

C. Consequential damages;

D. Punitive damages;

E. Attorneys' fees;

F. Costs;

G. Pre-judgment and post-judgment interest;

H. Statutory interest; and

I. Such additional relief as this Court deems just and appropriate.

Dated: June 3, 2011

By: /s/ Pamela Hans
Pamela Hans, Esq. (I.D. # 88138)
ANDERSON KILL & OLICK, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
T: 267-216-2700
F: 215-568-4573

ATTORNEY FOR PLAINTIFF 7TH
& ALLEN EQUITIES