### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| 7TH & ALLEN EQUITIES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 5:11-cv-01567-JKG |
| | : | |
| HARTFORD CASUALTY INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Defendant. | : | |

### HARTFORD CASUALTY INSURANCE COMPANY'S
### ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Hartford Casualty Insurance Company (hereinafter "Hartford") by its attorneys, Gibbons P.C., hereby answers the correspondingly numbered paragraphs of Plaintiff's Complaint as follows:

1.     Denied.  The averments of paragraph 1 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the averments are denied.

2.     Denied.  After reasonable investigation, Hartford lacks knowledge or information sufficient to form a belief as to the truthfulness of the averments of paragraph 2, and therefore, denies the same.

3.     Admitted.

4.     Denied.  The averments of paragraph 4 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the averments are denied.

5.     Denied.  The averments of paragraph 5 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the averments are denied.

6.     Admitted.

7.      Admitted.

8.      Denied as stated.  It is admitted only that plaintiff rented a portion of the first floor to Rite Aid.  The remaining averments are denied.

9.      Denied.

10.     Denied.  To the contrary, on or about March 4, 2009, the Property's sprinkler system froze.

11.     Denied as stated.  It is admitted only that on or about March 4, 2009 a sprinkler on the third floor of the Property froze and leaked.

12.     Admitted.

13.     Denied.  After reasonable investigation, Hartford lacks knowledge or information sufficient to form a belief as to the truthfulness of the averments of paragraph 13, and therefore, denies the same.

14.     Denied.  After reasonable investigation, Hartford lacks knowledge or information sufficient to form a belief as to the truthfulness of the averments of paragraph 14, and therefore, denies the same.

15.     Denied.  After reasonable investigation, Hartford lacks knowledge or information sufficient to form a belief as to the truthfulness of the averments of paragraph 15, and therefore, denies the same.

16.     Denied.  After reasonable investigation, Hartford lacks knowledge or information sufficient to form a belief as to the truthfulness of the averments of paragraph 16, and therefore, denies the same.

17.     Denied as stated.  It is admitted only that Plaintiff notified Hartford of a water loss at 602-618 North 7th Street, Allentown, Pennsylvania that occurred on or about March 4, 2009.

#1666031 v1
106349-73242

18.     Denied as stated.  It is admitted only that Hartford determined Plaintiff's loss was not covered by its Policy.  The remaining averments of paragraph 18 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the averments are denied.

19.     Admitted.

20.     Denied.  The Hartford Policy, being a writing, speaks for itself.  Hartford therefore denies all characterizations thereof.

21.     Denied.  The Hartford Policy, being a writing, speaks for itself.  Hartford therefore denies all characterizations thereof.

22.     Denied.  The Hartford Policy, being a writing, speaks for itself.  Hartford therefore denies all characterizations thereof.

23.     Denied.  The Hartford Policy, being a writing, speaks for itself.  Hartford therefore denies all characterizations thereof.

24.     Denied.  The letter, being a writing, speaks for itself.  Hartford therefore denies all characterizations thereof.

COUNT I
DECLARATORY JUDGMENT

25.     Hartford incorporates its responses to paragraphs 1 through 24 as if set forth herein.

26.     Admitted.

27.     Admitted.

28.     Admitted.

#1666031 v1
106349-73242

## COUNT II
### BREACH OF CONTRACT

29.     Hartford incorporates its responses to paragraphs 1 through 28 as if set forth herein.

30.     Denied. The averments of paragraph 30 constitute conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

31.     Denied. The averments of paragraph 31 constitute conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

32.     Denied. The averments of paragraph 32 constitute conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

33.     Denied. The averments of paragraph 33 constitute conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

34.     Denied. The averments of paragraph 34 constitute conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

35.     Denied. The averments of paragraph 35 constitute conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

WHEREFORE, Defendant Hartford Casualty Insurance Company respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that the Court grant any further relief it considers just.

## COUNT III
### VIOLATION OF 42 PA. CONS. STAT. ANN. § 8371

36.     Hartford incorporates its responses to paragraphs 1 through 35 as if set forth herein.

#1666031 v1
106349-73242

37.     Denied.  The averments of paragraph 37 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the averments are denied.

38.     Admitted.

39.     Denied.  The averments of paragraph 39 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the averments are denied.

40.     Denied.  The averments of paragraph 40 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the averments are denied.

41.     Denied.  The averments of paragraph 41 and all subparts thereto constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the averments are denied.

42.     Denied.  The averments of paragraph 42 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the averments are denied.

43.     Denied.  The averments of paragraph 43 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the averments are denied.

44.     Denied.  The averments of paragraph 44 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the averments are denied.

WHEREFORE, Defendant Hartford Casualty Insurance Company respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that the Court grant any further relief it considers just.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state an action upon which relief can be granted.

#1666031 v1
106349-73242

<u>SECOND AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred by the terms, conditions, exclusions and/or limitations of the applicable Hartford policy, No.: 12 SBA 6001 DW (the "Policy").

<u>THIRD AFFIRMATIVE DEFENSE</u>

The Hartford Policy provides, *inter alia*:

**E.     PROPERTY LOSS CONDITIONS**

\*                   \*                   \*

**8.     Vacancy**

    **a.     Description of Terms**

    **(1)**     As used in the Vacancy Condition, the term building and the term vacant have the meanings set forth in paragraphs, **(a)** and **(b)** below:

        **(a)**     When this policy is issued to a tenant, and with respect to that tenant's interest in Covered property, building means the unit or suite rented or leased to the tenant. Such building is vacant when it does not contain enough business personal property to conduct customary operations.

        **(b)**     When this policy is issued to the owner or general lessee of a building, building means the entire building. Such building is vacant unless at least 31% of its total square footage is:

            **(i)**     Rented to a lessee or sub-lessee and used by the lessee or sub-lessee to conduct its customary operations; and/or

            **(ii)**     used by the building owner to conduct customary operations.

6

**(2)**      Buildings under construction or renovations are not considered vacant.

**b.**      **Vacancy Provisions**

If the building where physical loss or physical damage occurs has been vacant for more than 60 consecutive days before that physical loss or physical damage occurs:

**(1)**      We will not pay for any physical loss or physical damage caused by any of the following even if they are Covered Causes of Loss:

> **(a)**      Vandalism;
>
> **(b)**      Sprinkler leakage, unless you had protected the system against freezing;
>
> **(c)**      Building glass breakage;
>
> **(d)**      Water damage;
>
> **(e)**      Theft; or
>
> **(f)**      Attempted theft.

Hartford's investigation revealed, *inter alia*, that less than 31% of the property's total square footage was being used, and therefore, it was vacant; that Plaintiffs' loss was caused by sprinkler leakage; and that the sprinkler system had not been protected from freezing, as those terms are defined in the Policy.  Therefore, no coverage exists for Plaintiff's loss under the Policy.

## FOURTH AFFIRMATIVE DEFENSE

The Hartford Policy provides, *inter alia*:

> 3.      Duties In The Event Of Loss Or Damage
>
> You must see that the following are done in the event of loss of or damage to Covered Property:
>
> *            *            *

#1666031 v1
106349-73242

      d.      Take all reasonable steps to protect the Covered Property from further damage by a Covered Cause of Loss.  If feasible, set the damaged property aside in the best possible order for examination.  Also, keep a record of your expenses for emergency and temporary repairs, for consideration in the settlement of the claim.

            This will not increase the Limits of Insurance

            *            *            *

      (f)     Permit us to inspect the property and records proving the loss or damage.  Also permit us to take samples of damaged property for inspection, testing and analysis.

            *            *            *

      (i)     Cooperate with us in the investigation or settlement of the claim.

During Hartford's investigation it requested, *inter alia*, that Plaintiff provide it with certain documentation reflecting the use and condition of the Property.  Plaintiff failed to provide that documentation, protect the property from further damage, and otherwise cooperate with Hartford in its investigation, as required under the Policy.   Therefore, no coverage exists for Plaintiff's loss under the Policy.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that any of Plaintiff's loss and/or damage is within the coverage of the Policy it must be measured subject to the terms, conditions, limitations and exclusions of the Policy.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claim overstates the scope and amount of loss or damage to insured property as the result of a peril insured against, if any, it is not covered.

#1666031 v1
106349-73242

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's damages include a claim for actual loss of business income or extra expense coverage it must be measured subject to the terms, conditions, limitations and exclusions of the Policy.

## EIGHTH AFFIRMATIVE DEFENSE

Hartford performed each and every duty allegedly owed to Plaintiffs and breached no duties owed to Plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

Hartford reserves the right to assert any other affirmative defenses as discovery or further investigation may prove warranted or applicable.

WHEREFORE, Hartford Casualty Insurance Company respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and that it afford any other relief it considers just and appropriate.

GIBBONS P.C.

BY:  /s/ Richard D. Gable, Jr.
      Richard D. Gable, Jr.
      Attorney ID No. 65842
      Thomas S. Coleman
      Attorney ID No. 90848
      1700 Two Logan Square
      18th & Arch Streets
      Philadelphia, PA  19103
      (T)  215/665-0400
      (F)  215/636-0366
      *Attorneys for Defendant,*
      *Hartford Casualty Insurance Company*

Dated:  July 20, 2011

#1666031 v1
106349-73242

## CERTIFICATE OF SERVICE

I, Richard D. Gable, Jr., attorney for Hartford Casualty Insurance Company certify that this 20th day of July, 2011, a true and correct copy of Defendant's Answer to Plaintiff's First Amended Complaint with Affirmative Defenses, electronically filed this day, has been served via the Court's ECF Filing System upon the following:

Pamela Hans, Esquire
ANDERSON KILL & OLICK, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
*Attorney for Plaintiff*

GIBBONS P.C.

BY: /s/ Richard D. Gable, Jr.
Richard D. Gable, Jr.
1700 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
(T) 215/665-0400
(F) 215/636-0366
*Attorneys for Defendant,*
*Hartford Casualty Insurance Company*

#1666031 v1
106349-73242