IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 7TH & ALLEN EQUITIES, | ) |
| | ) Civil Action |
| Plaintiff | ) No. 11-cv-01567 |
| | ) |
| vs. | ) |
| | ) |
| HARTFORD CASUALTY INSURANCE COMPANY, | ) |
| | ) |
| Defendant | ) |

O R D E R

NOW, this 20th day of September, 2011, upon consideration of Anderson Kill & Olick, P.C.'s Motion for Leave to Withdraw as Counsel Pursuant to Rule of Professional Conduct 1.16(B), which motion was filed on August 24, 2011 (Document 14); it appearing that plaintiff 7th & Allen Equities does not oppose counsel's motion[1]; it further appearing that defendant does not oppose this motion[2],

IT IS ORDERED that Anderson Kill & Olick, P.C.'s Motion for Leave to Withdraw as Counsel Pursuant to Rule of Professional

---

[1] One representative of 7th & Allen Equities consented to counsel's withdrawal from representation. The other representative is aware that 7th & Allen Equities is filing this motion and has not objected to it.

Pursuant to the Local Rules of Civil Procedure for the Eastern District of Pennsylvania, "any party opposing the motion shall serve a brief in opposition, together with such answer or other response which may be appropriate, within fourteen (14) days after service of the motion and supporting brief. In the absence of timely response, the motion may be granted as uncontested ...." E.D.Pa.R.Civ.P. 7.1(c).

On August 24, 2011, counsel for plaintiff filed the within motion. As of the date of this Order, plaintiff has not opposed the motion. Therefore the within motion is unopposed.

[2] On September 6, 2011, Thomas S. Coleman, Esquire, counsel for defendant, telephoned Chambers of the undersigned and indicated that defendant does not oppose the within motion.

Conduct 1.16(B) is granted.[3]

<u>IT IS FURTHER ORDERED</u> that plaintiff shall have until October 10, 2011 to obtain counsel in this matter.  Failure to secure counsel may result in this matter being dismissed for lack

---

[3]  "Upon a petition by an attorney to withdraw from representation to withdraw from representation of a client, the Court must assess the request pursuant to Pennsylvania Rule of Professional Conduct 1.16(b) and the Court's Local Rule of Civil Procedure 5.1(c)."  <u>Barefoot v. Direct Marketing Concepts, Inc.</u>, 2004 U.S.Dist. LEXIS 27021, at *2 (E.D.Pa. Oct. 13, 2004) (Pratter, J.)

Pennsylvania Rule of Professional Conduct 1.16(b) provides that "a lawyer may withdraw from representing a client if...(5) the client fails to substantially fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) other good cause for withdrawal exists."

Pursuant to Local Rule of Civil Procedure 5.1(c), "[a]n attorney's appearance may not be withdrawn except by leave of court, unless another attorney of this Court shall at the same time enter an appearance for the same party."  In deciding whether withdrawal is appropriate, the court must weigh four factors: "(1) the reason for which withdrawal is sought; (2) whether withdrawal will prejudice the parties; (3) whether withdrawal will interfere with the administration of justice; and (4) the degree to which withdrawal will delay the action."  <u>Barefoot</u>, <u>supra</u> at *2-3.

Plaintiff's counsel is seeking to withdrawal as counsel without another attorney entering an appearance for the same party.  Thus, leave from the court is required.  Here, plaintiff's counsel has demonstrated that good cause exists to permit withdrawal pursuant to the criteria established by Pennsylvania Rule of Professional Conduct 1.16(b) and Local Rule 5.1(c).

Plaintiff's counsel notes its attorney-client relationship with Seventh & Allen has "become more and more untenable" and the "limitations on [counsel's] ability to communicate with Seventh & Allen make it entirely unreasonable for [counsel] to continue effectively and properly to represent Seventh & Allen."  See <u>Barefoot</u>, <u>supra</u> at *4-5 (While "[m]ere differences of opinion between an attorney and the client are not compelling reasons for withdrawal...the antagonistic relationship between lawyer and client is good cause for withdrawal.").

Furthermore, withdrawal will not significantly prejudice the parties or interfere with the administration of justice.  Neither plaintiff 7th & Allen Equities nor defendant oppose plaintiff's counsel's motion to withdraw.  Additionally, plaintiff's counsel's withdrawal from representation will not significantly delay the action because, pursuant to this Order, plaintiff is required to obtain new counsel by October 10, 2011.

of prosecution.[4]

```
                              BY THE COURT:


                               /s/ James Knoll Gardner
                              James Knoll Gardner
                              United States District Judge
```

---

[4] A corporation can only litigate its rights through a licensed attorney.  It cannot represent itself pro se or through one of its officers.  Simbraw, Inc. v. United States, 367 F.2d 373, 373 (3d Cir. 1966).  This requirement also applies to partnerships.  See Rowland v. California Men's Colony, 506 U.S. 194, 202; 113 S.Ct. 716, 721; 121 L.Ed.2d. 656, 666 (1993).

As set-forth in its First Amended Complaint, plaintiff 7th & Allen Equities is a limited partnership.  Accordingly, plaintiff cannot proceed pro se and must retain new counsel in this matter.  Failure to obtain counsel may result in dismissal for failure to prosecute.  See Chambers v. Nasco Inc., 501 U.S. 32, 44; 111 S.Ct. 2123, 2132; 115 L.Ed.2d 27, 45 (1991) ("a federal district court has the inherent power to dismiss a case for failure to prosecute").