JKG

24

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

7TH & ALLEN EQUITIES,

        Plaintiff,

        v.

HARTFORD CASUALTY
INSURANCE COMPANY,

        Defendant.

:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO. 5:11-cv-01567-JKG

RECEIVED
NOV 2 2 2011

**FILED**

DEC – 7 2011

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, 7TH & ALLEN EQUITIES and HARTFORD CASUALTY INSURANCE COMPANY recognize that in the above-captioned proceeding (the "Proceeding") the Parties have and will exchange discovery and that the Parties may contend that certain material is confidential in nature and/or may otherwise be protected by privilege; and

WHEREAS, the Parties desire to avoid the possibility of harm from disclosure of confidential information beyond the Parties and the Court and any other judicial entity with jurisdiction over this Proceeding, including appeals thereof; and,

WHEREAS, this Stipulation and Protective Order ("Stipulation and Order") is designed to minimize the possibility of such disclosure.

NOW, THEREFORE, it is hereby stipulated and agreed by the Parties and Ordered by the Court that:

1.    Definitions:

    a.    "Parties" shall include Plaintiff and Defendant, as defined below.

    b.    "Plaintiff" shall mean 7th and Allen Equities, and its past and present officers, employees and attorneys, suppliers, officers and directors, shareholders, and all other

12-7-11   e-mailed to: T. Coleman
                   R. Gable
                   M. Kanche

#1715997 v1
106349-73242

persons acting at its behest or direction.

      c.     "Defendant" shall mean Hartford Casualty Insurance Company, and its respective parents, subsidiaries and affiliates, and its and their respective past and present employees, attorneys, suppliers, officers and directors, shareholders, and all other persons acting at its behest or direction.

      d.     "Document" shall have the meaning set forth in Federal Rule of Civil Procedure 34(a).

      e.     "Confidential Information" shall mean non-public information contained in any Document, tangible medium of expression, or Discovery Material that is designated by any Producing Party as confidential and that contains trade secrets or other confidential research, development, or commercial information, such as customer identification, personal information, financial information, proprietary information, and other forms of sensitive business information, including claims files.

      f.     "Discovery Material" shall mean any Document, including the contents, copies, excerpts and summaries thereof, furnished, provided, produced, filed, or served in response to any discovery request made by Plaintiff or Defendant, used as an exhibit at a deposition or court hearing or trial, or otherwise exchanged in furtherance of the resolution of the above-captioned case. "Discovery Material" shall also mean any interrogatory answer or any testimony taken in this case or transcript thereof, including the contents, copies, excerpts and summaries thereof.

      g.     "Person" shall mean any individual, corporation, partnership, association, unincorporated organization or other entity.

#1715997 v1
106349-73242

h.    "Producing Party" shall mean the Party that produces any information that is subject to the terms of this Order.

2.    A Producing Party may designate Discovery Material as "Confidential" if it believes in good faith belief that such information constitutes Confidential Information as defined herein, and that such designation is in accordance with any applicable law. Documents or information labeled "Confidential" and obtained during the course of the Proceeding, and anything derived from those documents or information, shall be used solely in connection with the Proceeding or an appeal therefrom, and in accordance with the provisions of this Stipulation and Order, unless otherwise agreed to in writing by the Parties.

3.    Except upon prior written consent of the Producing Party, Parties to whom any document or information labeled "Confidential" is disclosed shall not disclose such material to any Persons other than the following, to whom it may be disclosed only in connection with the Proceeding:

a.    Parties;

b.    Counsel to the Parties having responsibility for the Proceeding, or the settlement thereof, and their associates, paralegals, and support staff;

c.    Experts or consultants (including their employees, associates and support staff) retained by a Party in connection with the Proceeding;

d.    Deponents and witnesses in the Proceeding, but only during or in discussion of testimony by such Persons and in connection with preparation therefore, and court reporters and their personnel;

-3-

#1715997 v1
106349-73242

e.  Auditors, reinsurers, and retrocessionaires of a Party to whom that Party is legally obligated or to whom it has a pre-existing contractual obligation in the ordinary course of business to make disclosure of these materials; and

f.  The Court and any other judicial entity with jurisdiction over this Proceeding, including of appeals thereof, and their personnel (including court reporters).

The Persons identified in subparagraph 3(a)-(b) shall, prior to obtaining access to any material or information, (i) be informed of the existence and terms of this Stipulation and Order; (ii) be instructed that they are bound by its terms; and (iii) agree to be bound by its terms. The Persons identified in subparagraphs 3(c)-(d) shall, prior to obtaining access to any documents or information, (i) be informed of the existence and terms of this Stipulation and Order and (ii) be bound by its terms, and execute the ACKNOWLEDGEMENT OF PROTECTIVE ORDER, which is attached hereto at **Exhibit A**.

4.  Nothing in this Stipulation and Order shall prevent or restrict the use at trial or on appeal of any material or information labeled as "Confidential."

5.  In the event a Party inadvertently produces a Discovery Material that the Producing Party believes should have been labeled "Confidential" but was not, such failure to label it shall in no way prejudice or otherwise constitute a waiver of, or act as estoppel to, any claim of confidentiality that the Party otherwise would be able to assert; provided, however, that the Producing Party must give written notice to all Parties that the Discovery Material should be treated as confidential. The notice shall include a new, properly labeled copy of the Discovery Material. Upon receipt of such notice, the recipient shall either destroy all unlabeled originals

-4-

and copies of the unlabeled version of the material and certify the destruction to the Producing Party or shall return all unlabeled originals and copies of the material to the Producing Party.

6.      Notwithstanding any other provisions of this Stipulation and Order, any Party may at any time seek a court order that any material or information labeled as "Confidential" is not entitled to that designation.  Similarly, any Party may at any time request in writing permission from a Producing Party to disclose material or information labeled as "Confidential" to a Person other than those permitted by Paragraph 3.  This request shall set forth the information or material that the Party wishes to disclose and the Person to whom the Party wishes to disclose it.  If consent is withheld, or the Party seeking to make disclosure and the Producing Party are unable to agree on the terms and conditions of disclosure, the Party seeking to make disclosure may submit the matter to the Court for resolution.  The Parties shall not disclose any information or material labeled as "Confidential" to any Party under this paragraph until there has been a ruling on the Motion.

7.      Nothing in this Stipulation and Order shall prevent any of the Parties from using or disclosing its own material or information to third parties, or from using or disclosing any material or information it otherwise has received from any source other than from a Producing Party in the Proceeding.

8.      Nothing in this Stipulation and Order shall operate to require the production of information or material that is privileged or otherwise protected from discovery.

9.      In the event that disclosure of any material is sought from anyone who is subject to this Stipulation and Order pursuant to a lawful subpoena, demand by governmental authority or other legal process, such Person shall, upon receipt of such request, notify the Producing Party

-5-

within five (5) business days of the request for disclosure. The Producing Party may then seek to prevent disclosure by filing a motion for protective order or taking other appropriate action and, in that event, the material shall not be disclosed until the Producing Party has a reasonable opportunity to file such motion or take such action. In the event the Producing Party files a motion for protective order or takes other appropriate action to prevent disclosure of these materials, the materials shall not be disclosed until a ruling on such motion is issued from the Court or other governing body.

10.     Discovery Material labeled as "Confidential" may be referred to in the course of depositions or made exhibits to depositions. That portion of any deposition in which information labeled as "Confidential" is referred to or used shall be so identified as "Confidential" either on the record at the time of the testimony or within thirty (30) days after the deposition transcript is delivered together with the confidential exhibits to the depositions, and shall remain confidential until trial or unless otherwise ordered by the Court. Until the thirty (30) day period referenced in this paragraph has ended, deposition transcripts and exhibits shall be treated as "Confidential".

11.     The inadvertent production of material otherwise subject to protection under the attorney-client privilege, work product doctrine or any other privilege recognized by applicable law shall not be deemed to be a waiver of said privilege. Any Party who contends that such a material was inadvertently produced shall notify the other Party within ten days of its discovery of such inadvertent production. The Party to which the material was produced may return the material to the Producing Party and reserve all of its rights to seek an order from the Court compelling production of the material at the appropriate time. Alternatively, the Party to which the material was produced may retain the material, provided that the Party seeks relief from the

-6-

Court within 10 days from receipt of notification to compel production of such material on the ground that the material is properly subject to production. No such material shall be copied or distributed until resolution of the privilege issue by the Court. The production of a material that a Party believes to fall within any privilege or immunity shall not constitute a categorical waiver of such privilege or immunity. For purposes of and in this litigation, the non-producing Party shall not assert that such production constitutes a waiver of such privilege or immunity with respect to any other information.

12. This Stipulation and Order may be modified or amended by written agreement of all Parties.

13. This Stipulation and Order shall not act as a shield for any Person to refuse to disclose any material or information that it is, by law, rule, and/or court order, obligated to disclose.

14. The requirements of this Stipulation and Order shall apply to any materials produced in connection with the Proceeding before and after the date that this Stipulation and Order is entered.

15. This Stipulation and Order shall survive the termination of the Proceeding and shall continue in full force and effect thereafter. Upon the termination of the Proceedings and the expiration of any and all appeals therefrom, all Persons that have received materials labeled as "Confidential" during the course of the Proceedings shall (a) to return to counsel for the Producing Party all such material, including all copies, prints, summaries and other reproductions of such information, or (b) destroy all such material and copies thereof and certify to counsel for the Producing Party that they have destroyed all unreturned materials and

#1715997 v1
106349-73242

information.  Nothing contained in this Stipulation and Order shall prevent trial counsel from retaining a complete set of pleadings after final conclusion of the Proceedings.

16.     Where a Party has provided any materials or information labeled as "Confidential" to a retained expert or consultant or any other Person, it shall be the responsibility and obligation of both the Party, and the Person to whom or which the material was provided, to return or destroy the material.  This paragraph does not apply to the copies of materials that have been submitted to and are in the possession of the Trial Judge or Appellate Judges.

17.     This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

**Dated: November 21, 2011**

7TH & ALLEN EQUITIES

By: _____
Mark S. Kancher
The Kancher Law Firm, L.L.C.
Grove Professional Center
100 Grove Street
Haddonfield, NJ  08033
Tel:  (856) 795-2440

HARTFORD CASUALTY INSURANCE COMPANY

By: _____
Richard D. Gable, Jr.
Thomas S. Coleman
Gibbons P.C.
1700 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103
Tel: (215) 665-0400

SO ORDERED: _____     Dated: 12/6/2011
HENRY S. PERKIN
U.S. MAGISTRATE JUDGE

-8-

#1715997 v1
106349-73242