# THE KANCHER LAW FIRM, L.L.C.
*Attorneys At Law*

JKG/HP

OCT 4 REC'D

Mark S. Kancher, Esquire
Member NJ and PA Bars
MKancher@KancherLawFirm.com

M. Rose Machamer, Paralegal
M-RoseMachamer@KancherLawFirm.com

Grove Professional Center
100 Grove Street
Haddonfield, NJ 08033
(856) 795-2440
(856) 795-4824 (fax)

Philadelphia Office:
2663 Salmon Street
Philadelphia, PA 19125
**All Replies to Haddonfield Office**

October 2, 2012

The Honorable Henry S. Perkin, U.S.M.J.
Edward N. Cahn Courthouse & Federal Bldg.
504 W. Hamilton Street
Suite 4401
Allentown, PA 18101

**FILED**

OCT - 4 2012

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

Re:   7th & Allen Equities v. Hartford Casualty Insurance Company
      Civil Action No.: 11-cv-01567

Dear Judge Perkin:

As you are aware, I represent 7th & Allen Equities, LLC, in this dispute with its former insurer, Hartford Casualty Insurance Company ("Hartford"). Briefly stated, this action involves a casualty loss incurred by the Plaintiff, for which it made claims against the insurance policy issued it by Hartford.

Defendant's counsel has written the Court a letter dated September 25, 2012, in which counsel seeks production of the personal tax returns of George Diemer and Craig Rohner, principals of the Plaintiff 7th & Allen Equities. Neither Mr. Diemer nor Mr. Rohner are parties to this action. Their personal incomes are irrelevant to the action, whether as to liability or damages. What tax information exists for 7th & Allen Equities has been produced during discovery. What Defendant now seeks is the most intrusive of information that an individual possesses, his personal income and personal tax information. The Defendant has no compelling need for this information, and certainly not at this late stage of the litigation.

Moreover, the information sought is not relevant to the claims of the Plaintiff. Under such circumstances as we have in our case, whether either of the principals had sufficient income to make repairs when faced with Hartford's outright denial of the entity's claim under the policy, is not relevant. Where the Defendant has simply denied coverage under the insurance policy that is the subject of this litigation, Plaintiff was and is under no obligation to repair the damage to its building from the floodings that occurred with the hope that the Defendant might someday reimburse it for the expense of doing so. *Ferguson v. Lakeland Mutual Insurance Company*, 408 Pa. Super. 332, 336-337 (1991).

JudgePerkins Ltr Tax Returns 100212.wpd

The Honorable Henry S. Perkin, U.S.M.J.
October 2, 2012
Page 2

The Defendant has made no showing of a compelling need for the principals' individual tax returns. Their income and expenses are not the income and expenses of the Plaintiff, a separate legal entity. Defendant cannot contend that the principals were obligated to make contributions to the entity for repairs. It cannot contend that the entity is a sham and not a legal entity, with an identity separate and apart from its principals. It merely conflates whatever resources the principals may have with those of the entity, but it offers no authority that the entity was entitled to those resources.

In short, the request for the personal tax returns of Mr. Diemer and Mr. Rohner is harassment without any justifiable basis therefor. Its request for such documents, well after discovery has closed, should be denied.

Respectfully,
THE KANCHER LAW FIRM, LLC

By: _____
MARK S. KANCHER, ESQUIRE

MSK/rm
cc:   Thomas S. Coleman, Esquire

JudgePerkins Ltr Tax Returns 100212.wpd