IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 7th & ALLEN EQUITIES,            )<br>                                                   )<br>            Plaintiff,             )<br>                                                   )         CIVIL ACTION<br>    v.                                          )<br>                                                   )         NO. 5:11-cv-01567 (JKG)<br>HARTFORD CASUALTY INSURANCE )<br>COMPANY,                          )<br>                                                   )<br>            Defendant.             ) | |

O R D E R

AND NOW, this _____ day of _____, 2012, upon consideration of Defendant's Motion *in Limine* to Trifurcate the Trial, and all responses thereto, it hereby is **ORDERED and DECREED** that the said motion is **DENIED**.

BY THE COURT:

_____
JAMES K. GARDNER, U.S.D.J.

{00319136;2}

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| 7th & ALLEN EQUITIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | NO. 5:11-cv-01567 (JKG) |
| HARTFORD CASUALTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO TRIFURCATE THE TRIAL

**NOW COMES** Plaintiff 7th & Allen Equities, by and through its undersigned counsel, Silverang & Donohoe, LLC, and, on the grounds stated in its within memorandum of law (incorporated herein), hereby responds in opposition to the Motion *in Limine* to Trifurcate the Trial filed by Defendant Hartford Casualty Insurance Company.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court deny Defendant's said motion, enter an Order of the substance submitted herewith, and grant Plaintiff such other relief that the Court deems appropriate under the circumstances.

Respectfully submitted,

SILVERANG & DONOHOE, LLC

By: _____
Mark S. Haltzman, Esquire
Attorney I.D. No: 38957
mhaltzman@sanddlawyers.com
595 East Lancaster Avenue, Suite 203
St. Davids, PA 19087

Mark S. Kancher, Esquire
**THE KANCHER LAW FIRM LLC**
Attorney I.D. No: MK4461
mkancher@kancherlawfirm.com
Grove Professional Center
100 Grove Street
Haddonfield, NJ 08033
(856) 795-2440

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 7th & ALLEN EQUITIES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | NO. 5:11-cv-01567 (JKG) |
| HARTFORD CASUALTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO TRIFURCATE THE TRIAL

NOW COMES Plaintiff 7th & Allen Equities, by and through its undersigned counsel, Silverang & Donohoe, LLC, respectfully submits this memorandum of law in response to the Motion *in Limine* to Trifurcate the Trial filed by Defendant Hartford Casualty Insurance Company as follows:

### I. Introduction

This action arises out of an insurance coverage dispute. The Plaintiff owns certain commercial property located in Allentown Pennsylvania (the "Property"). The Defendant provided a commercial insurance policy which covered the Property in March of 2009 (the "Policy"). On or about March 4, 2009 a fire sprinkler discharged causing property damage at the Property.

The Plaintiff made a claim with the Defendant for coverage under the Policy. The claim was denied. This litigation ensued. Plaintiff's Complaint includes counts for Declaratory Judgment that it is entitled to coverage under the Policy (Count I), Breach of Contract (Count II) and Bad Faith (Count III).

Defendant now seeks to trifurcate the case by separating Counts I and II from Count III and the "liability aspects" of Count I and II from the "damages aspects" of those Counts.

II.  **Legal Standard**

Rule 42(b) of the Federal Rules of Civil Procedure allows a district court to bifurcate a trial in its discretion. Rule 42(b) provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed.R.Civ.P. 42(b).

Bifurcating a trial "is a matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance." *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir.1978) (*citing Idzojtic v. Penn. R.R. Co.*, 456 F.2d 1228, 1230 (3d Cir.1971)). The moving party bears the burden of showing that bifurcation would "serve judicial economy, avoid inconvenience, and not prejudice any of the parties." *Asten Johnson v. Columbia Cas. Co.*, No. 03–1552, 2006 WL 1791260, at *2 (E.D.Pa. June 22, 2006); *see also Zurich Ins. Co. v. Health Sys. Integration Inc.*, No. 97–4994, 1998 U.S. Dist. LEXIS 5927, at *7–9, 1998 WL 211749 (E.D. Pa. April 28, 1998); *Nathanson v. Aetna Cas. & Sur. Co.*, No. 01–CV–3377, 2001 U.S. Dist. LEXIS 18248, at *4, 2001 WL 1392165 (E.D.Pa. Nov. 7, 2001). The Defendant has not met these burdens. Moreover, the Defendant fails to offer any facts which would support its claim that trifurcation or even bifurcation is necessary to achieve judicial economy or avoid confusion.

III.  **Argument**

The Defendant's argument in favor of trifurcation is stated in a single sentence: "Hartford hereby respectfully requests that the Court trifurcate the trial of this matter so that the breach of contract and declaratory judgment claims are heard independent of the damages and

bad faith aspects of the case on the grounds as doing so will improve judicial economy (no issues of damages or bad faith need to be considered absent coverage) and protect against confusion of the jury and unfair prejudice to Hartford." See Defendant's Memorandum, ¶ 2.

Other than that single sentence, the balance of the Defendant's memorandum of law is rote citation to statutory and case law, almost all of which is oddly misplaced. For example, the Defendant does not invoke Federal Rule of Civil Procedure 42 in support of its argument. Instead, the Defendant erroneously directs the Court's attention to Pennsylvania Rule of Civil Procedure 213 and two Pennsylvania Superior Court cases interpreting the Pennsylvania Rules of Civil Procedure relating to bifurcation.[1] Later in the memorandum, the Defendant refers to a case from Kentucky[2] for the proposition that breach of contract claims and bad faith claims should be bifurcated.

The only case that the Defendant cites that might be remotely relevant to the issue of bifurcation of claims in this Court is *Aetna Cas. & Sur. Co. v. Nationwide Mut. Ins. Co.*, 734 F. Supp. 204 (W.D. Pa 1989). However *Aetna* is easily distinguishable from the current case. The Court in *Aetna* did in fact approve the bifurcation of a coverage and bad faith claims, however the *Aetna* case involved bad faith and coverage issues arising out of the death of two individuals killed in an automobile accident. The Court found in that case that the risk of prejudice warranted the bifurcation of such issues. No similar extraordinary facts are present in this case.

The party moving for bifurcation has the burden of showing its entitlement to bifurcation – an extraordinary, not routine procedure – in coverage and bad faith actions. *Zurich, supra* (denying insurer's attempt to bifurcate coverage and bad faith aspects of

---

[1] The Defendant refers the Court to *Pascale v. Hechinger Co. of Pa.*, 627 A.2d 750 (Pa. Super. 1993) and *Coleman v. Philadelphia Newspapers, Inc*, 570, A.2d 552 (Pa. Super. 1990) both of which interpret Pennsylvania Rule of Civil Procedure 213(b)..
[2] *Motorist Mut. Ins. Co. v. Glass*, 996 S.W.2d 437 (Ky. 1997).

discovery); Charles Alan Wrige & Arthur Miller, *Federal Practice and Procedure: Civil* § 2388 (3d ed. 2008) (convenience, expedition and economy "warn against routine bifurcation").

The Defendant's judicial economy argument appears to be based on the erroneous assumption that Plaintiff's bad faith claim rises or falls entirely on the success of its claims relating to coverage under the Policy, and therefore nothing should happen concerning the bad faith claim until after the coverage questions are adjudicated. That assumption is flawed, and the Defendant's argument that staying the bad faith claim would advance judicial economy therefore affords no grounds for bifurcating or trifurcating this action.

While Plaintiff has certainly alleged that the Defendant's failure to provide coverage is a violation of the bad faith statute, the bad faith claim goes far beyond that. Plaintiff's bad faith claim against the Defendant includes but is not limited to:

- The Defendant's failure to adequately and fairly investigate the claim.

- The Defendant denied the claim without a reasonable basis and with knowledge or reckless disregard of its lack of reasonable basis. Indeed it appears that the Defendant made the decision to deny the claim before its own investigators concluded their investigation.

- The Defendant unreasonably delayed the payment of insurance proceeds due and owing to the Plaintiff under the Policy.

- The Defendant violated the Pennsylvania Unfair Insurance Practices Act, 40 P.S. § 1171.1 *et seq*.

- The Defendant acted intentionally, maliciously, unreasonably, or recklessly in denying Plaintiff the benefits owed under the Policy.

- The Defendant made coverage decisions motivated by financial concerns and economic costs, rather than the interest of the Plaintiff.

- The Defendant failed to preserve evidence critical to the evaluation of the claim by failing to take possession of and protect the sprinkler.

Each of these instances of bad faith can independently give rise to a finding that the Defendant acted in bad faith.

It is well-established in Pennsylvania bad faith jurisprudence that an insured may recover for its insurer's bad faith even if it is ultimately determined that the insurer owed no coverage obligations after all. *See, e.g., Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.,* 244 Fed. Appx. 424, 434-36 (3d Cir. 2007) (affirming district court's finding of bad faith even though there was no insurance coverage because the policy had been canceled); *Moss Signs, Inc. v. State Auto. Mut. Ins. Co.,* No. 08-164, 2008 U.S. Dist. LEXIS 26770, at *12-*13 (W.D. Pa. April 2, 2008) (holding that insured "may theoretically succeed on either or both" of the coverage and bad faith claims); *Trunzo v. Allstate Ins. Co.,* No. CV-04-1789, 2006 U.S. Dist. LEXIS 68566, at *44 (W.D. Pa. Sept. 25, 2006) ("the 'bad faith' issue must be analyzed independently [from the coverage claim] in accordance with Pennsylvania law"); *Frederick & Emily's, Inc. v. Westfield Group,* No. 03-CV-6589, 2004 U.S. Dist. LEXIS 17274, at *7-*8 (E.D. Pa. Aug. 25, 2004) (rejecting insurer's argument that the bad faith claim could not proceed if the breach of contract claim failed and citing cases); *Bombar v. W. Am. Ins. Co.,* 932 A.2d 78, 92 (Pa. Super. Ct. 2007) (affirming trial court's finding that insurer acted in bad faith even though no coverage existed). That is because insurer bad faith is a "frivolous or unfounded refusal to pay, *lack of investigation into the facts, or a failure to*

*communicate with the insured."* Gallatin Fuels, 244 Fed. Appx. at 433 (quoting *Frog, Switch Mfg. Co. v. Travelers Ins. Co.,* 193 F.3d 742, 751 n.9 (3d Cir. 1999)) (internal quotation marks omitted) (emphasis added).

The Defendant has clearly not met its burden of showing that it is necessary to bifurcate this action into coverage and bad faith stages to avoid undue prejudice. *See Frederick & Emily's,* 2004 U.S. Dist. LEXIS 17274 at *5-7; *see also* James Wm. Moore et al., *Moore's Federal Practice* § 42.20[4][c] (3d ed. 2008) ("when the party seeking bifurcation cannot show prejudice, a motion for bifurcation will be denied").

In order to show prejudice sufficient to justify the extraordinary step of bifurcating the bad faith claim, Defendant would have to prove that a single proceeding would injure it or that a single trial would "trigger delay" or "additional expenses." *Moore's, supra,* § 42.20[7][a], [c]. Here, the Defendant fails to offer or articulate in any way how it would suffer injury, delay, or additional expense by participating in one trial. Given the overlapping evidence between the coverage and bad faith claims, Defendant has not shown, nor could show, that introduction of bad faith evidence would injure it or trigger additional expenses or delays.

### IV. Conclusion

The Defendant fails to demonstrate any compelling reason to bifurcate or trifurcate the trial in this matter. It is the Defendant's burden to establish that such an extraordinary measure

{00319136;2}

6

is necessary. Plaintiff respectfully submits that the submission of this case in its entirety to the Court and the jury will be the most efficient manner in which to proceed. The Defendant's Motion *in Limine* to trifurcate should be denied.

                                                Respectfully submitted,

                                                **SILVERANG & DONOHOE, LLC**

By: _/s/ Mark S. Haltzman_
      Mark S. Haltzman, Esquire
      Attorney I.D. No: 38957
      mhaltzman@sanddlawyers.com
      595 East Lancaster Avenue, Suite 203
      St. Davids, PA  19087

Mark S. Kancher, Esquire
**THE KANCHER LAW FIRM LLC**
Attorney I.D. No: MK4461
mkancher@kancherlawfirm.com
Grove Professional Center
100 Grove Street
Haddonfield, NJ 08033
(856) 795-2440

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 7th & ALLEN EQUITIES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | NO. 5:11-cv-01567 (JKG) |
| HARTFORD CASUALTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

### CERTIFICATE OF SERVICE

The undersigned hereby certify that on October 9, 2012, the foregoing, *Plaintiff's Response In Opposition To Defendant's Motion In Limine To Trifurcate The Trial and Memorandum of Law in support thereof,* was filed electronically via the Court's Electronic Case Filing (ECF) System and is available for viewing and downloading. The following parties are listed as ECF Filing Users and are therefore automatically served via electronic means:

| | |
|---|---|
| Thomas S. Coleman, Esquire | O. Daniel Ansa, Esquire |
| Richard D. Gable, Jr., Esquire | Michael J. O'Neill, Esquire |
| **BUTLER PAPPAS WEIHMULLER** | **ANSA ASSUNCAO LLP** |
| **KATZ CRAIG LLP** | Four Penn Center, Suite 900 |
| 1818 Market Street, Suite 2740 | 1600 John F. Kennedy Boulevard |
| Philadelphia, PA 19103 | Philadelphia, PA 19103 |
| Email: tcoleman@butlerpappas.com | Email: daniel.ansa@ansalaw.com |
| Email: rgable@butlerpappas.com | Email: michael.oneill@ansalaw.com |
| *Attorneys for Defendant* | *Attorneys for Defendant* |

SILVERANG & DONOHOE, LLC

By: _____
Mark S. Haltzman, Esquire
Attorney I.D. No: 38957
mhaltzman@sanddlawyers.com
595 East Lancaster Avenue, Suite 203
St. Davids, PA 19087

{00319136;2}

Mark S. Kancher, Esquire
**THE KANCHER LAW FIRM LLC**
Attorney I.D. No: MK4461
mkancher@kancherlawfirm.com
Grove Professional Center
100 Grove Street
Haddonfield, NJ 08033
(856) 795-2440

*Attorneys for Plaintiff*