IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 7TH & ALLEN EQUITIES,  :<br>  :<br>   Plaintiff,  :<br>  :   CIVIL ACTION NO. 5:11-01567-JKG<br> v.  :<br>  :<br> HARTFORD CASUALTY INSURANCE  :<br> COMPANY,  :<br>  :<br>   Defendant.  : | |

**DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S
OBJECTIONS TO PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS, PROPOSED
VERDICT SLIP, AND WITNESS AND EXHIBIT LISTS**

Pursuant to the Amended Jury Trial Attachment Order, entered by this Court on February 29, 2012, Defendant Hartford Casualty Insurance Company ("Hartford"), by its undersigned counsel, hereby states its objections to Plaintiff's Proposed Voir Dire Questions, Proposed Verdict Slip, and Witness and Exhibit Lists as follows:

**I.   Hartford's Objections to Plaintiff's Proposed Voir Dire Questions**

Without waiving any of the objections Hartford has raised and preserved by the filing of its motions in limine, at this time Hartford objects to Plaintiff's Proposed Voir Dire Questions 2, 11 and 15-21.  Hartford reserves the right to raise any appropriate objections at the time of trial.

**II.   Hartford's Objections to Plaintiff's Proposed Verdict Slip**

Without waiving any of the objections Hartford has raised and preserved by the filing of its motions in limine, at this time Hartford objects to Plaintiff's Proposed Verdict Slip as follows:

Interrogatories I. 1. and I. 2.

I. 1.   Hartford objects to Interrogatory No. I. 1. to the extent that it allocates the burdens of proof improperly.  While the burden is on the insurer to establish the applicability of

an exclusion, the burden is on the insured to establish an exception to an exclusion.  In this case, it is Hartford's burden to establish that the exclusion for sprinkler leakage applies while it is Plaintiff's burden to establish that it protected the sprinkler system against freezing.  See e.g., TIG Specialty Ins. Co. v. Koken, 855 A.2d 900, 915 (Pa. Commw. 2004); Air Products & Chemicals, Inc. v. Hartford Accident & Indemnity Co., 25 F.3d 177, 180 (3d Cir. 1994).

Hartford further objects to this Interrogatory to the extent that the burden of proof as to the application of policy provisions is by a preponderance of the evidence.  There is no support for Plaintiff's proposed burden of "by uncontradicted facts" as set forth in Interrogatory No. I. 1.

I. 2.   Hartford objects to Interrogatory No. I. 2. to the extent that it misstates the damages available to Plaintiff for breach of contract.

Interrogatories II. 1.; II. 2.; II. 3.; and II. 4.

II. 1.   Hartford objects to Interrogatory No. II. 1. to the extent that it misstates the burden of proof.  Plaintiff's burden of proof on a bad faith claim is "clear and convincing evidence." Klinger v. State Farm Mut. Auto Ins. Co., 115 F.3d 230 (3d Cir. 1997).  Further, if the jury answers "no" to this Interrogatory, then it should return the verdict slip.

II. 2.   Hartford objects to Interrogatory No. II. 2. to the extent that Plaintiff must prove that Hartford "knowingly or recklessly disregarded the lack of a reasonable basis in refusing to provide coverage for 7th and Allen's claim." O'Donnell v. Allstate Insurance Co., 734 A.2d 901 (Pa.Super.1999).  Further, if the jury answers "no" to this Interrogatory, then it should return the verdict slip.

II. 3.   Hartford objects to Interrogatory No. II. 3. to the extent that there is no law or evidence to support a finding of bad faith solely based upon Hartford's "method of investigating and handling the claim."

II. 4.   Hartford objects to Interrogatory No. II. 4. to the extent that it misstates the damages available to Plaintiff for bad faith.

Hartford reserves the right to raise any appropriate objections at the time of trial.

**III.     Hartford's Objections to Plaintiff's Witness and Exhibit Lists**

(a)   Without waiving any of the objections Hartford has raised and preserved by the filing of its motions in limine, at this time Hartford has no objections to the admissibility of any exhibit based on authenticity.  Hartford reserves the right to raise any appropriate objections at the time of trial.

(b)   Without waiving any of the objections Hartford has raised and preserved by the filing of its motions in limine, Hartford now objects to the adequacy of the qualifications of Anthony Santora, Nate Tayoun, and Frank A. Sansonne, whom Plaintiff has listed as expert witnesses in its Pre-Trial Memorandum.  Plaintiff did not disclose Mr. Santora, Mr. Tayoun, or Mr. Sansonne as Rule 26 witnesses during discovery of this matter.  Further, Plaintiff never served Hartford with a proper Curriculum Vitae, fee schedule, publication list or testimony list for Mr. Santora, Mr. Tayoun, or Mr. Sansonne as required by Federal Rule of Civil Procedure 26(a)(2)(B).  Indeed, the only information Plaintiff has provided on these potential "expert" witnesses are print-outs from the website of their employer, which fall woefully short of the disclosure requirements of Rule 26(a)(2)(B).  (See Exhibits C, D, and E attached to Plaintiff's Pre-Trial Memorandum).  As such, Hartford is without the proper knowledge base to consent to the qualifications of Mr. Santora, Mr. Tayoun, and Mr. Sansonne as "expert" witnesses irrespective of their late and improper designation and therefore object to their designation as such in Plaintiff's Pre-Trial Memorandum.  Additionally, Hartford reserves the right to raise any appropriate objections at the time of trial.

      (c)      Without waiving any of the objections Hartford has raised and preserved by the filing of its motions in limine, at this time Hartford has no additional objections to the admissibility for reasons except relevancy of any item of evidence expected to be offered. Hartford reserves the right to raise any appropriate objections at the time of trial.

      (d)      Without waiving any of the objections Hartford has raised and preserved by the filing of its motions in limine, at this time Hartford is unaware of any lay testimony Plaintiff intends to elicit at trial pursuant to Federal Rule of Evidence 701 and, therefore, has no objections to the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701.  Hartford reserves the right to raise any appropriate objections at the time of trial.

                      Respectfully submitted,

                      ANSA ASSUNCAO LLP

                      <u>s/Michael J. O'Neill</u>

                      MICHAEL J. O'NEILL, ESQ.
                      Michael.O'neill@ansalaw.com
                      Ansa Assuncao LLP
                      1600 JFK Boulevard, Suite 900
                      Philadelphia, PA 19103
                      Telephone:    (267) 528-0750
                      Facsimile:    (267) 528-0726
                      *Attorneys for Defendant, Hartford Casualty Insurance Company*

Dated:  <u>October 15, 2012</u>

**CERTIFICATE OF SERVICE**

    I, Michael J. O'Neill, hereby certify that, on this 15th day of October, 2012 a true and correct copy of Defendant's objections to Plaintiff's Proposed Voir Dire Questions, Proposed Verdict Slip, and Witness and Exhibit Lists has been served on the following counsel of record via the Court's Electronic filing system:

Mark S. Kancher, Esquire
The Kancher Law Firm, LLC
Grove Professional Center
100 Grove Street
Haddonfield, NJ 08033

Mark S. Haltzman, Esq.
Silverang & Donohoe, LLC
595 East Lancaster Avenue, Ste. 203
St. Davids, PA  19087

*Attorneys for the Plaintiff*

ANSA ASSUNCAO LLP


s/Michael J. O'Neill

MICHAEL J. O'NEILL, ESQ.
Michael.O'neill@ansalaw.com
Ansa Assuncao LLP
1600 JFK Boulevard, Suite 900
Philadelphia, PA 19103
Telephone:     (267) 528-0750
Facsimile:     (267) 528-0726
*Attorneys for Defendant, Hartford Casualty Insurance Company*