IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| 7th & ALLEN EQUITIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | NO. 5:11-cv-01567 (JKG) |
| HARTFORD CASUALTY INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF, 7th & ALLEN EQUITIES' OBJECTIONS TO DEFENDANT, HARTFORD CASUALTY INSURANCE COMPANY'S, PROPOSED VOIR DIRE QUESTIONS, PROPOSED VERDICT SLIP, AND WITNESS EXHIBIT LIST**

Pursuant to the Amended Jury Trial Attachment Order, entered by this Court on February 29, 2012, Plaintiff, 7th & Allen Equities ("7th & Allen"), by and through its undersigned counsel, hereby states its objections to Defendant's Proposed Voir Dire Questions, Proposed Verdict Slip, and Witness and Exhibit Lists as follows:

**I.      Plaintiff's Objections to Defendant's Proposed Voir Dire Questions**

Without waiver any of the objections 7th & Allen has raised by the filing of its Motions in Limine, 7th & Allen objections to Defendant's proposed Voir Dire Questions as follows:

Objection to Voir Dire Question No. 3, as Mark S. Kancher, Esquire does not work for the law firm of Silverang & Donohoe, LLC, but works for his own law firm, Kancher Law Firm.  As such, Voir Dire Question No. 3 must be revised appropriately.

Objection to Voir Dire Question No. 5, as it does not name the additional attorneys which have now entered their appearance on behalf of Hartford Insurance Company.

{00322224;1}

Objection to Voir Dire Question No. 15, as it inappropriately suggests that Plaintiff may have the initial burden of proof in the case.

Objection to Voir Dire Questions Nos. 25 through 30, as these questions improperly seek to get into the issue of the jury instructions which the Court will provide to the jurors at the conclusion of the case.

## II.    Plaintiff's Objections to Defendant's Proposed Verdict Slip

Without waiving any of the objections 7th & Allen has raised and preserved by the filing of its Motions in Limine, 7th & Allen objects to Defendant's Proposed Verdict Slip as follows:

Objection to proposed Verdict Slip Question No. 1, as it fails to specifically state that the Defendant had the burden of showing that Plaintiff's building was vacant.

Objection to proposed Verdict Slip Question No. 2, as it inadmissibly limits the areas in which potential damage under the policy may be recoverable and fails to identify that the burden of proof is on Defendant, Hartford Casualty Insurance Company.  7th & Allen further objects to this proposed Verdict Slip to the extent that the burden of proof as to the application of policy provisions is by a preponderance of the evidence.  There is no support of Defendant's proposed burden of "by uncontradicted facts" as ser forth in Interrogatory

Objection to Verdict Slip Question No. 3, as it fails to indicate that the Defendant, Hartford Casualty Insurance Company, has the burden of showing that the sprinkler was not protected against freezing, and, incorrectly limits the areas upon which the Jury could find that the damage to the building is covered by the insurance policy.

Objection to Verdict Slip Question No. 4, as it suggests that the July incident could not be related to the March incident and such allow the Jury to find damage based on damage caused by both incidents.

Objection to Verdict Slip Question No. 5, as it uses the word "actual" and, to the extent that it suggests the damages are limited to the business income loss.

In addition to the above specific objections, 7th & Allen's objections to Verdict Slip proposed by Defendant as it fails to include interrogatories to address the issue of Defendant, Hartford Casualty Insurance Company's, bad faith.

**III.**   **Plaintiff's Objections to Defendant's Witness and Exhibit Lists**

(a)   7th & Allen objects to the authenticity of all documents listed on the Exhibit List as to date, those document have not been produced.  Once those documents are produced, Plaintiff will be in a position to promptly indicate which documents its objects to based upon authenticity.  Without limiting the foregoing, 7th & Allen objects to authenticity of Nos: 14, 62, 64, 90, 135, 151, 167, 169, 237, 251, 262, 284, 289, 317, 361, 412, 413, 416, 417, 418, 419, 420, 421, and 446.

(b)   7th & Allen objects to the testimony of Michael Plick, based on the fact that Mr. Plick had no involvement in the investigation of this incident and/or his testimony would be duplicative of Zazula's testimony.

(c)   Without waiving any of the objections 7th & Allen has raised in its Motions in Limine, at this time 7th & Allen objects to the admissibility of any writing, e-mail or documents, to the extent that such document contains hearsay testimony.   As noted above, Plaintiff has not yet received copies of the documents which Defendant, Hartford, has listed as its Exhibits.  Defendant, Hartford has listed 544 documents.  Upon receipt of those documents, 7th & Allen will attempt to more specifically identify which documents contain hearsay testimony.  Further, 7th & Allen objects to the use of any deposition testimony to the extent that the witness is not a party and the witness is otherwise available to testify.

(d)   Without waiving any of the objections, 7th & Allen has raised in its Motions in Limine, at this time is unaware of any lay testimony Defendant intends to elicit at trial pursuant to Federal Rule of Evidence 701 and, therefore, has no objections to the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701.  7th & Allen reserves the right to raise any appropriate objections to at the time of trial.

Respectfully submitted,

**SILVERANG & DONOHOE, LLC**

By: _____

Mark S. Haltzman, Esquire
Attorney Identification No:  38957
_mhaltzman@sanddlawyers.com_
595 East Lancaster Avenue, Suite 203
St. Davids, PA  19087
(610) 263-0115

**THE KANCHER LAW FIRM LLC**
Mark S. Kancher, Esquire
Attorney Identification No:  MK4461
*mkancher@kancherlawfirm.com*
Grove Professional Center
100 Grove Street
Haddonfield, NJ 08033
(856) 795-2440

*Attorneys for Plaintiff*
*7th & Allen Equities*

Dated: October 16, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| 7th & ALLEN EQUITIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | NO. 5:11-cv-01567 (JKG) |
| HARTFORD CASUALTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certify that on October 16, 2012, the foregoing, *Plaintiff's Objections to Defendant, Hartford Casualty Insurance Company's Proposed Voir Dire Questions, Proposed Verdict Slip, and Witness Exhibit List,* was filed electronically via the Court's Electronic Case Filing (ECF) System and is available for viewing and downloading.  The following parties are listed as ECF Filing Users and are therefore automatically served via electronic means:

Thomas S. Coleman, Esquire
Richard D. Gable , Jr., Esquire
**BUTLER PAPPAS WEIHMULLER
KATZ CRAIG LLP**
1818 Market Street, Suite 2740
Philadelphia, PA 19103
Email: tcoleman@butlerpappas.com
Email: rgable@butlerpappas.com
*Attorneys for Defendant*

O. Daniel Ansa, Esquire
Michael J. O'Neill, Esquire
**ANSA ASSUNCAO LLP**
Four Penn Center, Suite 900
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103
Email: daniel.ansa@ansalaw.com
Email: michael.oneill@ansalaw.com
*Attorneys for Defendant*

Respectfully submitted,

**SILVERANG & DONOHOE, LLC**

By: _____
Mark S. Haltzman, Esquire
Attorney I.D. No:  38957
mhaltzman@sanddlawyers.com
595 East Lancaster Avenue, Suite 203
St. Davids, PA  19087
*Attorney for Plaintiff*

**THE KANCHER LAW FIRM LLC**
Mark S. Kancher, Esquire
Attorney I.D. No:  MK4461
<u>mkancher@kancherlawfirm.com</u>
Grove Professional Center
100 Grove Street
Haddonfield, NJ 08033
(856) 795-2440
*Attorney for Plaintiff*