IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| 7th & ALLEN EQUITIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | NO. 5:11-cv-01567 (JKG) |
| HARTFORD CASUALTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S
PROPOSED JURY INSTRUCTIONS**

Respectfully submitted,

**SILVERANG & DONOHOE, LLC**

By: _____
Mark S. Haltzman, Esquire
595 East Lancaster Avenue
Suite 203
St. Davids, PA  19087
(610) 263-0115

Mark S. Kancher, Esquire
**THE KANCHER LAW FIRM, LLC**
100 Grove Street
Haddonfield, NJ  08033
(856) 795-2440

Attorneys for Plaintiff

{00319253;1}

# TABLE OF CONTENTS

Jury Instruction                                                                    Page

## Model Instructions Before Trial

1.1    Introduction; Role of Jury[1]

1.2    Description of Case; Summary of Applicable Law

1.3    Conduct of Jury

1.4    Bench Conferences

1.5    Evidence

1.6    Direct and Circumstantial Evidence

1.7    Credibility of Witnesses

1.8    Jury Questions for Witnesses

1.9    Note-Taking By Jurors

1.12   Description of Trial Proceedings

## Model Instructions During Trial

2.1    Impeachment of Witnesses' Character for Truthfulness

2.2    Judicial Notice

2.3    Stipulation of Testimony

2.4    Stipulation of Fact

2.5    Use of Deposition

2.6    Use of Interrogatories

2.7    Charts and Summaries in Evidence

2.8    Charts and Summaries Not Admitted in Evidence

2.9    Striking Evidence

---

[1]    All instructions not assigned a page number are from the Third Circuit Model Civil Jury Instructions and unchanged.

2.10    Evidence Admitted for a Limited Purpose

2.11    Opinion Testimony

2.14    Recess Admonition

**Model Instructions at End of Trial**

3.1     Deliberations

3.2     Number of Witnesses

3.3     Read-Backs of Trial Testimony

3.4     Deadlock

**Case-Specific Instructions at End of Trial**

1.10    Preponderance of the Evidence                                          1

1.11    Clear and Convincing Evidence                                          2

4.1     Burden of Proof on Exclusion                                           3

4.2     Burden of Proof – Case Specific                                        4

4.3     Reasonable Expectations on Coverage Issues                             6

5.1     Insurance Bad Faith – Definition                                       7

5.2     Bad Faith Elements                                                     8

5.3     Bad Faith includes Consideration of Method of Investigation            9

5.4     Bad Faith Does Not Require Fraud                                       10

5.5     Carrier Duty to Investigate and Pay Claims                            11

5.6     Unreasonableness and Carrier Knowledge or Disregard Thereof           12

5.7     Bases for Finding Carrier Bad Faith                                   13

6.1     Spoliation                                                            14

7.0     Litigation Tactics Admissible in Bad Faith Action                     15

8.1    Bad Faith if Carrier Required Insured to Disprove Exclusion        16

9.1    Punitive Damages                                                   17

1.10    Preponderance of the Evidence

This is a civil case.  Plaintiff 7th & Allen Equities is the party that brought this lawsuit.  Defendant Hartford Casualty Insurance Company is the party against which the lawsuit was filed.  Plaintiff has the burden of proving its case by what is called the preponderance of the evidence.  That means plaintiff has to prove to you, in light of all the evidence, that what it claims is more likely so than not so.  To say it differently: If you were to put the evidence favorable to plaintiff and the evidence favorable to the defendant on opposite sides of the scales, plaintiff would have to make the scales tip somewhat on its side.  If plaintiff fails to meet this burden, the verdict must be for defendant.  If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, defendant has the burden of proving the elements of the defense by a preponderance of the evidence.  I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that defendant has succeeded in proving that the required facts are more likely so than not so.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard of proof and it applies only to criminal cases.  It does not apply in civil cases such as this.  You should put it out of your mind.

1.11    Clear and Convincing Evidence

Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction that the allegations sought to be proved by the evidence are true. Clear and convincing evidence involves a higher degree of persuasion than is necessary to meet the preponderance of the evidence standard.  But it does not require proof beyond a reasonable doubt, the standard applied in criminal cases.

4.1     Burden of Proof on Exclusion

The insured plaintiff has the burden of proving that the insurance policy covers the claim it made.  If the insured proves that, then the insurance company defendant, Hartford, has the burden of proving—by uncontradicted facts—that an exclusion in the policy applies to the claim, so the claim is not covered.

*Tower Ins. Co. v. Dockside Associates Pier 30, LP*, 834 F. Supp. 2d 257, 261 (E.D. Pa. 2011) (citing *Mistick, Inc., v. Northwestern Nat'l Casualty Co.*, 806 A.2d 39, 42 (Pa. Super. 2002); *Butterfield v. Giuntoli*, 448 Pa. Super. 1, 11-14, 670 A.2d 646, 651-52 (1995)).

4.2     Burden of Proof – Case Specific

Plaintiff claims that it is entitled to recover under the Insurance Policy issued to Plaintiff by Defendant, Harford Insurance Company. The parties do not dispute that at the time of the incident for which damages are sought, that the Policy was in full-force and in effect. The parties do not disagree that the maximum amount that the can be recovered under the insurance policy $5,428,400.00. The parties do not dispute that he Policy was a replacement cost Policy. What the parties disagree on is whether the incident that took place that caused damage to the insured were excluded from coverage under the Policy. The burden of proving an exclusion is on the insurance company, which in this case, is the Defendant Hartford Insurance Company. As such, it is the burden of Hartford Insurance Company to show that any exclusion from coverage that it contends is applicable does, in fact, apply. In this instance, the insurance company contends that the premises met the definition of being "vacant". If you find that the insurance company has met its burden of proof, through uncontroverted facts, that the building was vacant, then the insurance company has met the burden of proof on this issue. As such, any provision of the insurance policy which is only applicable in the event that the building is vacant, would apply to this case. If you find that the insurance company has failed to prove by uncontroverted facts that the building was vacant, as defined in the policy, then you must find for the plaintiff.

If you find the insurance company has shown, through uncontroverted facts, that the building was vacant, then the insurance company must then show, again by uncontroverted facts, that the insured had not protected the sprinkler system against freezing.

It is uncontroverted that at least part of the damage was caused by the sprinkler system having been activated for several hours on March 4, 2009 and the resulting water flow  providing damage to the building.  It is the insured's burden to show that the sprinkler activated because the insured failed to protect the system from freezing.  The cause of this sprinkler head failure is the subject of expert testimony for which you are to review and consider.  Even if you determine that the sprinkler had froze, that in and of itself, is not sufficient to reach a conclusion that the policy provision excluding coverage is applicable.  As such, even if you find the sprinkler system froze, you could still find that the insurance company has failed to establish, through uncontroverted facts, that the insured failed to take the steps necessary to prevent this system from freezing, and in such an event, the exclusion would no apply and the insurance policy would be applicable to the damage.

4.3     Reasonable Expectations on Coverage Issues

Buyers of insurance have a right to expect something in return for the premiums they pay, so in deciding whether an insurance policy covers a claim, you must consider the insured plaintiff's reasonable expectations in buying the policy.

*Collister v. Nationwide Life Ins. Co.*, 479 Pa. 579, 594, 388 A.2d 1346, 1353 (1978), *cert. denied,* 439 U.S. 1089, 99 S. Ct. 871, 59 L. Ed. 2d 55 (1979); *Bubis v. Prudential Property & Casualty Ins. Co.*, 718 A.2d 1270, 1273 (Pa. Super. 1998).

5.1     Insurance Bad Faith – Definition

The plaintiff asserts a claim in this case for what is known as insurance bath faith. Under the law, an insurance company must act with the utmost good faith and fair dealing toward its insured, and give the interests of its insured the same faithful consideration that it gives its own interests.  This heightened duty arises because the special relationship between an insurer and its insured and the nature of the insurance contract.

An  insurance company acts in bad faith if it: (1) does not have a reasonable basis for what it does, and (2) knows or recklessly disregards its lack of a reasonable basis.

Put another way, bad faith occurs if an insurer knowingly or recklessly acts without a reasonable basis in handling an insured's claim.

In deciding whether or not an insurance company acted in bad faith toward its insured, you consider all the company's actions, including its responses to communications from its insured, investigation of the claim, and its handling of settlement negotiations.  If you find that the defendant knowingly or recklessly acted without a reasonably basis, your verdict must be for the plaintiff.

5.2     Bad Faith Elements

To prove a claim of bad faith, plaintiff must prove that Hartford (1) lacked an objectively reasonable basis for denying a claim, and (2) knew or recklessly disregarded its lack of a reasonable basis.

*Klinger v. State Farm Mut. Auto. Ins. Co.,* 115 F.3d 230, 233 (3d Cir. 1997); *Toy v. Metropolitan. Life Insurance. Company.*, 593 Pa. 20, 928 A.2d 186, 193 (2007); 42 Pa. Con. Stat. § 8371.

5.3     Bad Faith includes Consideration of Method of Investigation

Bad faith is not limited to the failure to pay a claim.   An insurance company can be liable to an insured for its method of investigating a claim.

*Condio v. Erie Insurance Exchange*, 899 A.2d 1136, 1142 (Pa. Super. 2006).

5.4     Bad Faith Does Not Require Fraud

Bad faith does not require that the insurance company acted fraudulently.

*Condio v. Erie Insurance Exchange*, 899 A.2d 1136, 1142 (Pa. Super. 2006).

5.5     Carrier Duty to Investigate and Pay Claims

Insurance companies have a duty to investigate claims, and pay claims, in good faith and with fair dealing.

*Condio v. Erie Insurance Exchange*, 899 A.2d 1136, 1144 (Pa. Super. 2006).

5.6     Unreasonableness and Carrier Knowledge or Disregard Thereof

If you find that the plaintiff has proven by clear and convincing evidence that Hartford did not have a reasonable basis on which to deny plaintiff's claim, and that Hartford knew it lacked a reasonable basis, or that Hartford recklessly disregarded whether it lacked a reasonable basis, then you must find in favor of the plaintiff on its bad faith claim.

*Bostick v. ITT Hartford Group*, 56 F. Supp. 2d 580, 587 (E.D. Pa. 1999).

5.7     Bases for Finding Carrier Bad Faith

If you find that Hartford failed to investigate facts about plaintiff's claim that were available to Hartford, failed to communicate with plaintiff about the claim, or failed to act promptly on the claim, then you must find that Hartford acted in bad faith.

*Frog Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n.9 (3d Cir. 1999) ("bad faith is a frivolous or unfounded refusal to pay, lack of investigation into the facts, or a failure to communicate with the insured. *See Coyne v. Allstate Ins. Co.,* 771 F.Supp. 673, 678 (E.D.Pa.1991) (bad faith is failure to acknowledge or act promptly on the claims, or refusing to pay without reasonable investigation of all available information); *Romano v. Nationwide Mut. Fire Ins. Co.,* 435 Pa.Super. 545, 646 A.2d 1228 (1994). Good faith is no defense if there was in fact no good cause to refuse coverage. *See Gedeon v. State Farm Mut. Auto. Ins. Co.,* 410 Pa. 55, 188 A.2d 320, 322 n. 4 (1963)").

6.1     Spoliation

A party in a lawsuit has an affirmative duty to preserve evidence it knows to be relevant to the lawsuit. In this case, you have heard testimony that the defendant's expert possessed and controlled, and in fact evaluated, the sprinkler head that malfunctioned in plaintiff's building. Defendant, and its expert, knew that sprinkler head was relevant to this lawsuit. Yet defendant, and its expert, failed to preserve that sprinkler head, depriving plaintiff of the opportunity to evaluate it. Therefore, you may conclude that, if the sprinkler head had been preserved, it would have revealed information harmful to defendant's case.

*AMG Nat'l Trust Bank v. Ries*, C.A. Nos. 06-4337, 09-3061, 2011 WL 3099629, at *4-*6 (E.D. Pa. July 22, 2011).

7.0     Litigation Tactics Admissible in Bad Faith Actions

In deciding whether the insurance company acted in bad faith toward its insured, the plaintiff, you may consider the manner in which the insurance company defended itself in this case, including whether it mishandled evidence it knew to be relevant, whether it intentionally filed documents with the court that were misleading, and whether it contested acting in bad faith without merit.

*Hollock v. Erie Ins. Exchange*, 842 A.2d 409, 414-16 (Pa. Super. 2004), *appeal dismissed*, 588 Pa. 231, 903 A.2d 1185 (2006).

8.1     Bad Faith if Carrier Required Insured to Disprove Exclusion

If you find that Hartford required plaintiff to prove to Hartford that plaintiff's claim was ***not excluded*** from coverage under the insurance policy, and you find that the policy ***did not require*** plaintiff to prove its claim was not excluded, then you must find that Hartford acted in bad faith.

*See Frog Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n.9 (3d Cir. 1999) ("bad faith is a frivolous or unfounded refusal to pay, lack of investigation into the facts, or a failure to communicate with the insured. *See Coyne v. Allstate Ins. Co.,* 771 F.Supp. 673, 678 (E.D.Pa.1991) (bad faith is failure to acknowledge or act promptly on the claims, or refusing to pay without reasonable investigation of all available information); *Romano v. Nationwide Mut. Fire Ins. Co.,* 435 Pa.Super. 545, 646 A.2d 1228 (1994). Good faith is no defense if there was in fact no good cause to refuse coverage. *See Gedeon v. State Farm Mut. Auto. Ins. Co.,* 410 Pa. 55, 188 A.2d 320, 322 n. 4 (1963)").

9.1     Punitive Damages

If you find for Plaintiff on bad faith you may, but are not required to assess punitive damages against the Insurance Company.  The purposes of punitive damages is to punish  a defendant for his conduct and to serve as an example or warning to Defendant and other insurance companies not to engage in similar conduct in the future.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages.  Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have descried to you, but should not reflect bias, prejudice, or sympathy toward either/any party.  In determining the amount of my punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- Defendant's financial condition;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| 7th & ALLEN EQUITIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | NO. 5:11-cv-01567 (JKG) |
| HARTFORD CASUALTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certify that on October 22, 2012, the foregoing, ***Plaintiff's Proposed Jury Instructions***, was filed electronically via the Court's Electronic Case Filing (ECF) System and is available for viewing and downloading. The following parties are listed as ECF Filing Users and are therefore automatically served via electronic means:

Thomas S. Coleman, Esquire
Richard D. Gable , Jr., Esquire
**BUTLER PAPPAS WEIHMULLER
KATZ CRAIG LLP**
1818 Market Street, Suite 2740
Philadelphia, PA 19103
Email: tcoleman@butlerpappas.com
Email: rgable@butlerpappas.com
*Attorneys for Defendant*

O. Daniel Ansa, Esquire
Michael J. O'Neill, Esquire
**ANSA ASSUNCAO LLP**
Four Penn Center, Suite 900
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103
Email: daniel.ansa@ansalaw.com
Email: michael.oneill@ansalaw.com
*Attorneys for Defendant*

Respectfully submitted,

**SILVERANG & DONOHOE, LLC**

By:   /s/ Mark S. Haltzman_____
Mark S. Haltzman, Esquire
Attorney I.D. No: 38957
mhaltzman@sanddlawyers.com
595 East Lancaster Avenue, Suite 203
St. Davids, PA  19087
*Attorney for Plaintiff*