IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 7TH & ALLEN EQUITIES, | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. 5:11-01567-JKG |
| v. | : |
| HARTFORD CASUALTY INSURANCE COMPANY, | : |
| Defendant. | : |

The issue presented by Hartford's motion for summary judgment is that the vacancy provision contained within the applicable insurance policy determines as a matter of law that the First and Second Losses were not covered events and, therefore, Hartford's denial of coverage for these events was proper.

The insurance policy in effect at the time of the First and Second Losses (the "Policy") contained a vacancy condition of coverage which limited coverage if the building was less than 31% occupied. (*See* HSUF at ¶ 1). Pursuant to the Policy, if the building was vacant, then the Policy excluded coverage for "physical loss or physical damage caused by . . . [s]prinkler leakage[.]" (*Id.*) However, the Policy included an exception to this exclusion if Plaintiff "had protected the system against freezing." (*Id.*) The Policy further provided that physical loss or damage caused by "vandalism," "water damage," or "theft" was not covered if the building was vacant. (*Id.*)

Here, the evidence of record reveals that, at the time of the First Loss, the following conditions existed: (1) the subject building was approximately 88,000 square feet (HSUF at ¶ 16); (2) the only tenant of the building was Rite-Aid, which rented 14,000 square feet, or approximately 16% of the building (HSUF at ¶ 17); (3) the balance of the building was left vacant (HSUF at ¶¶ 17-

21); (4) the basement, second, and third floors of the building lacked heat or other measures to protect the sprinkler system against freezing (HSUF at ¶ 24); and (5) on March 4, 2009 a sprinkler head froze and leaked, causing physical loss or damage to the building. (HSUF at ¶ 2). Given those undisputed facts of record, the Policy did not insure physical loss or damage resulting from the sprinkler leak of March 4, 2009. Therefore, Hartford is entitled to summary judgment as a matter of law that the Policy excluded coverage for any loss or damage resulting from the First Loss.

Likewise, when the Second Loss occurred, the following conditions were present: (1) the building remained vacant, as it had been at the time of the First Loss (HSUF ¶¶ 17-21); (2) on or about July 7, 2009, the building was flooded as a result of copper plumbing pipes having been stolen and/or vandalized (HSUF at ¶ 5); and (3) the damage resulting from this Second Loss was caused by "vandalism," "water damage," and/or "theft." (HSUF at ¶ 7). Given these facts, the Policy did not insure against any physical loss or damage caused by the Second Loss. Therefore, Hartford is entitled to summary judgment as a matter of law that any physical damage or loss caused by the Second Loss was not covered under the Policy.[1]

Finally, Hartford is entitled to summary judgment on Plaintiff's bad faith claim because it has, at all relevant times, acted in good faith in the handling of Plaintiff's claims. It promptly responded to the loss, inspected the site and damage, interviewed pertinent witnesses, and requested pertinent documentation. Further, as set forth above, Hartford had a reasonable basis for denying coverage under the Policy. Accordingly, summary judgment should be granted for Hartford on Plaintiff's bad faith claim.

---

[1] Plaintiff has not pled a cause of action related to Hartford's denial of coverage for the Second Loss, which is a separate and distinct event from the First Loss. (*See* First Amended Complaint, Docket No. 5). Any damages resulting from this Second Loss are separate and distinct from damages allegedly arising from the First Loss. Hartford has addressed the Second Loss in order to respond to any attempt made by Plaintiff to conflate the two events and suggest that the second is a byproduct of the first, but at no time does Hartford concede that Plaintiff has asserted a cause of action for the Second Loss and/or any damages allegedly caused by that second event.

Respectfully submitted,

ANSA ASSUNCAO LLP

MICHAEL J. O'NEILL, ESQ.
Michael.Oneill@ansalaw.com
Ansa Assuncao LLP
1600 JFK Boulevard, Suite 900
Philadelphia, PA 19103
Telephone:   (267) 528-0750
Facsimile:   (267) 528-0726
*Attorneys for Defendant, Hartford Casualty Insurance Company*

Dated: October 24, 2012