IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 7TH & ALLEN EQUITIES,<br><br>               Plaintiff,<br><br>    v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY,<br><br>               Defendant. | :<br>:<br>:<br>:   CIVIL ACTION NO. 5:11-01567-JKG<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S
OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Pursuant to the Amended Jury Trial Attachment Order, entered by this Court on February 29, 2012, Defendant Hartford Casualty Insurance Company ("Hartford"), by its undersigned counsel, hereby states its objections to Plaintiff's Proposed Jury Instructions as follows:

**I.   Model Instructions Before Trial**

Without waiving any of the objections Hartford has raised and preserved by the filing of its motions in limine, at this time Hartford does not object to Proposed Jury Instructions 1.1 - 1.12.  Hartford reserves the right to raise any appropriate objections at the time of trial.

**II.   Model Instructions During Trial**

Without waiving any of the objections Hartford has raised and preserved by the filing of its motions in limine, at this time Hartford does not object to Proposed Jury Instructions 2.1 - 2.14.  Hartford reserves the right to raise any appropriate objections at the time of trial.

**III.   Model Instructions at End of Trial**

Without waiving any of the objections Hartford has raised and preserved by the filing of its motions in limine, at this time Hartford does not object to Proposed Jury Instructions 3.1 – 3.4. Hartford reserves the right to raise any appropriate objections at the time of trial.

## IV. Case-Specific Instructions at End of Trial

Without waiving any of the objections Hartford has raised and preserved by the filing of its motions in limine, at this time Hartford makes the following objections:

### 4.1 Burden of Proof on Exclusion

Hartford objects to this proposed instruction because it incorrectly states the standard of proof. The burden to establish the applicability of an exclusion is by a preponderance of the evidence, not "by uncontradicted facts" as Plaintiff suggests. Plaintiff's suggested language is pulled from *Tower Ins. Co. v. Dockside Associates Pier 30, LP*, 834 F. Supp. 2d 257, 261 (E.D. Pa. 2011), in which the Court assessed the Duty to Defend under a liability insurance policy on a Motion to Dismiss. At that stage in the proceeding a "contradicted fact" would be sufficient to defeat the insurer's no coverage position. However, there is no support for Plaintiff's assertion that the burden at trial is by "uncontradicted facts."

Hartford further objects because Plaintiff's instruction also ignores the proper construction of the Policy. In the Policy Condition addressing vacant buildings, loss or damage caused by sprinkler leakage is not covered, "unless [Plaintiff] had protected the system against freezing." The exclusion is for "sprinkler leakage" and the language beginning with "unless" (i.e. "protected the system against freezing") is an exception to the "sprinkler leakage" exclusion. Pennsylvania law is clear that the burden is on the insured to establish an exception to an exclusion. *See TIG Specialty Ins. Co. v. Koken*, 855 A.2d 900, 915 (Pa. Commw. 2004); *Air Products & Chemicals, Inc. v. Hartford Accident & Indemnity Co.*, 25 F.3d 177, 180 (3d Cir. 1994).

4.2 Burden of Proof Case Specific

Hartford objects to this proposed instruction because Plaintiff incorrectly states that the burden of proof is by "uncontroverted facts."  Additionally, Hartford objects because Plaintiff states that it is "the insured's burden to show that the sprinkler system activated because the insured failed to protect the system from freezing," which is not consistent with Plaintiff's other proposed instructions.  Finally, the instruction states that "even if you find that the sprinkler system froze, you could still find that the insurance company has failed to establish, through uncontroverted facts, that the insured failed to take the steps necessary to prevent the system from freezing. . ."  This proposed instruction is incorrect because 1) this burden is not on Hartford; 2) even if it was, the burden is not articulated properly; and 3) the question under the Policy is whether the insured "protected the system against freezing" rather than "taking steps necessary to prevent the system from freezing."

4.3 Reasonable Expectations on Coverage Issues

Hartford objects to this proposed instruction as it is irrelevant. Construction of Policy language is a question of law for the Court to decide.  Plaintiff has failed to produce any evidence of record to show any conduct on the part of Hartford prior to the loss that would have given Plaintiff a reasonable expectation that the vacancy provisions of the Policy would not apply.

5.1 Bad Faith – Definition

Hartford objects to this proposed instruction as the first paragraph is an unnecessary introduction.  Additionally, Pennsylvania law has rejected the concept of a "heightened duty" in the first party context.  *See e.g. Johnson v. Progressive Ins. Co.*, 987 A.2d 781 (Pa. Super. Ct. 2009).

Hartford further objects to Plaintiff's editing of the standard definition of bad faith. There is no legal support for the extremely vague test set forth in this proposed instruction.

Hartford further objects as Plaintiff has never articulated the basis for its claims that Hartford's "responses to communications from the insured," "investigation of the claim," and "handling of settlement negotiations" were in bad faith. Additionally, Plaintiff has not produced evidence of record to prove that Hartford's conduct did not comport with a recognized standard of claim handling.

Finally, while under Pennsylvania law bad faith may extend to an insurer's investigation and other conduct in handling the claim, that conduct must "import a dishonest purpose" and the insurer must still lack a reasonable basis for denying coverage for the underlying claim, as mere negligence or aggressive protection of an insurer's interests are not bad faith. *Post v. St. Paul Travelers*, 691 F.3d 500, 524 (3d Cir. 2012) (citing *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 501 (Pa. Super. Ct. 2004); *Frog, Switch & Mfg. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n. 9 (3rd Cir. 1999); *O'Donnell v. Allstate Ins. Co.*, 734 A.2d 901, 906 (Pa. Super. Ct. 1999)).

<u>5.2 Bad Faith – Elements</u>

Hartford objects to this proposed instruction as Plaintiff has failed to include "by clear and convincing evidence."

<u>5.3 Bad Faith includes Consideration of Method of Investigation</u>

Hartford objects to this proposed instruction to the extent that it is vague and ambiguous as Plaintiff has not defined what is meant by "method of investigation." Moreover, while under Pennsylvania law bad faith may extend to an insurer's investigation, that conduct must "import a dishonest purpose" and the insurer must still lack a reasonable basis for denying the underlying claim, as mere negligence or aggressive protection of an insurer's interests are not bad faith. *Post v. St. Paul Travelers*, 691 F.3d 500, 524 (3d Cir. 2012) (citing *Brown v. Progressive Ins. Co.*,

860 A.2d 493, 501 (Pa. Super. Ct. 2004); *Frog, Switch & Mfg. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n. 9 (3rd Cir. 1999); *O'Donnell v. Allstate Ins. Co.*, 734 A.2d 901, 906 (Pa. Super. 1999)).

### 5.4 Bad Faith Does Not Require Fraud

Hartford objects to the extent that this proposed instruction is irrelevant. Even if it is relevant, it is not required as a stand-alone instruction.

### 5.5 Carrier Duty to Investigate and Pay Claims

Hartford objects to this proposed instruction because it is irrelevant as Plaintiff has not produced any evidence of record that Hartford violated some duty in its claims investigation. *See* objections to 5.1 and 5.3 above.

### 5.6 Unreasonableness and Carrier Knowledge or Disregard Thereof

Hartford objects to this proposed instruction as it is incomplete. Plaintiff also must prove that Hartford had a motive of self-interest or ill will (i.e. dishonest purpose). *See* objections to 5.1 and 5.3 above.

### 5.7 Bases for Finding Carrier Bad Faith

Hartford objects to this proposed instruction as it is vague and ambiguous as Plaintiff has failed to define what is meant by the phrases "failed to investigate facts," "failed to communicate with plaintiff" or "failed to act promptly." *See* objections to 5.1 and 5.3 above.

### 6.1 Spoliation

Hartford objects to this proposed instruction as it is irrelevant. Plaintiff has not produced evidence of record to show that Hartford spoliated evidence. *See* Hartford's Reply Brief in Further Support of its Motion for Summary Judgment and Hartford's Opposition to Plaintiff's Motion to Exclude the Testimony of Plick & Associates and Strike the Affidavit of Zazula.

### 7.0 Litigation Tactics Admissible in Bad Faith Actions

Hartford objects to this proposed instruction as Pennsylvania law is clear that an insurance company has a right to defend itself. Conduct that is "calculated not toward prolonging an investigation into an insured's claim, but rather toward winning a lawsuit" does not constitute distinct bad faith conduct. *See American Collision & Automotive Center, Inc. v. Windsor-Mt. Joy Mut. Ins. Co.*, 2012 WL 4490982, at *7 (E.D.Pa. September 27, 2012).

<u>8.1 Bad Faith if Carrier Required Insured to Disprove Exclusion</u>

Hartford objects to this proposed instruction as the case law cited by Plaintiff does not support the proposed instruction. As stated above, Plaintiff has incorrectly asserted the burdens of proof.

<u>9.1 Punitive Damages</u>

Plaintiff objects to this proposed instruction as Plaintiff has not provided any citation for the proposed instruction.

Hartford reserves the right to raise any appropriate objections at the time of trial.

    Respectfully submitted,

    ANSA ASSUNCAO LLP

    <u>s/Michael J. O'Neill</u>

    MICHAEL J. O'NEILL, ESQ.
    Michael.O'neill@ansalaw.com
    Ansa Assuncao LLP
    1600 JFK Boulevard, Suite 900
    Philadelphia, PA 19103
    Telephone:   (267) 528-0750
    Facsimile:    (267) 528-0726
    *Attorneys for Defendant, Hartford Casualty Insurance Company*

Dated: <u>October 30, 2012</u>

**CERTIFICATE OF SERVICE**

      I, Michael J. O'Neill, hereby certify that, on this 30th day of October, 2012 a true and correct copy of Defendant's objections to Plaintiff's Proposed Jury Instructions has been served on the following counsel of record via the Court's Electronic filing system:

Mark S. Kancher, Esquire
The Kancher Law Firm, LLC
Grove Professional Center
100 Grove Street
Haddonfield, NJ 08033

Mark S. Haltzman, Esq.
Silverang & Donohoe, LLC
595 East Lancaster Avenue, Ste. 203
St. Davids, PA 19087

*Attorneys for the Plaintiff*

ANSA ASSUNCAO LLP


                      s/Michael J. O'Neill

MICHAEL J. O'NEILL, ESQ.
Michael.O'neill@ansalaw.com
Ansa Assuncao LLP
1600 JFK Boulevard, Suite 900
Philadelphia, PA 19103
Telephone:    (267) 528-0750
Facsimile:    (267) 528-0726
*Attorneys for Defendant, Hartford Casualty Insurance Company*