IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 7TH & ALLEN EQUITIES, | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. 5:11-01567-JKG |
| | : |
| HARTFORD CASUALTY INSURANCE COMPANY, | : |
| | : |
| Defendant. | : |

# ORDER

**AND NOW**, this        day of          , 2012, upon consideration of Hartford Casualty

Insurance Company's Motion for Rule 11 Sanctions, any opposition thereto, it is hereby

ORDERED that:

1.      Defendant Hartford Casualty Insurance Company's Motion for Rule 11 Sanctions

dated October 10, 2012 is GRANTED.

2.      Plaintiff is precluded from arguing or introducing any evidence at trial to suggest

that Hartford Casualty Insurance Company and/or its employees or agents caused or in any way

contributed to the disappearance of the subject sprinkler head.

3.      Plaintiff's counsel is hereby formally reprimanded for violating Federal Rule of

Civil Procedure 11 by signing and filing a motion with this Court which contained unsupported

factual assertions.

4.      Plaintiff's counsel is ordered to pay defense counsel's fees which were incurred in

defending against Plaintiff's Motion in Limine to Bar the Testimony of Plick & Associates and

to Strike the Affidavit of Michael Zazula and preparing Defendant's Motion for Rule 11 Sanctions.

BY THE COURT:

_____
                                    J.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| 7TH & ALLEN EQUITIES, | : | |

7TH & ALLEN EQUITIES,                 :

              Plaintiff,      :

      v.                                          :    CIVIL ACTION NO. 5:11-01567-JKG

                       :

HARTFORD CASUALTY INSURANCE      :
COMPANY,                                        :

              Defendant.      :

**DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S
MOTION FOR RULE 11 SANCTIONS**

NOW COMES Defendant, Hartford Casualty Insurance Company ("Hartford"), by its undersigned counsel, and on the grounds stated in its accompanying Memorandum of Law, hereby moves this Court to impose Rule 11 sanctions.

WHEREFORE, Defendant Hartford Casualty Insurance Company respectfully requests that its Motion for Sanctions be GRANTED and further that this Court enter an order barring the Plaintiff from arguing or introducing any evidence at trial to suggest that Hartford Casualty Insurance Company and/or its employees or agents caused or in any way contributed to the disappearance of the subject sprinkler head, reprimanding Plaintiff's counsel for violating Rule 11, and awarding attorney's fees incurred in defending against Plaintiff's motion in limine and preparing the present motion for sanctions.

Respectfully submitted,

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP


s/Thomas S. Coleman

RICHARD D. GABLE, JR., ESQ.
rgable@butlerpappas.com
THOMAS S. COLEMAN, ESQ.
tcoleman@butlerpappas.com
1818 Market Street, Suite 2740
Philadelphia, PA  19103
Telephone:     (215) 405-9191
Facsimile:      (215) 405-9190
*Attorneys for Defendant, Hartford Casualty Insurance Company*




Dated:  November 1, 2012

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| 7TH & ALLEN EQUITIES, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 5:11-01567-JKG |
| v. | : | |
| HARTFORD CASUALTY INSURANCE COMPANY, | : | |
| Defendant. | : | |

**DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RULE 11 SANCTIONS**

Defendant, Hartford Casualty Insurance Company ("Hartford"), by its undersigned counsel, hereby presents the following Motion for Rule 11 Sanctions and in support thereof states as follows:

I.     **FACTS**

On or about September 24, 2012, Plaintiff filed a motion in limine seeking to bar the testimony of Hartford's retained experts, Plick & Associates, and to strike the Affidavit of Michael Zazula which was attached to Hartford's motion for summary judgment. (*See* Plaintiff's Motion and Accompanying Memorandum of Law, Docket No. 64). As the Court may recall, Mr. Zazula was the consultant Hartford hired to inspect the sprinkler head after the loss to determine the cause of the sprinkler head leak. Mr. Zazula determined, as had every other technician that looked at the sprinkler, that it had ruptured due to freezing. Plaintiff then filed its motion, baselessly accusing Mr. Zazula of committing perjury by falsifying an Affidavit in which he testified that Rite-Aid employees retained possession of the subject sprinkler head after he inspected it. (*See id.*)

Specifically, throughout its brief, Plaintiff accused Mr. Zazula at least eight different times of committing perjury: "Mr. Zazula's Affidavit appear[s] to have been created out of thin air . . ." (Memorandum at 4); "Zazula has changed his testimony as to what happened to the sprinkler head" (*Id.* at 10); "Zazula's story . . . is constantly changing" (*Id.* at 12); "Plaintiff's position is that the above Affidavit is false" (*Id.* at 13); "Zazula's testimony is entirely inconsistent" (*Id.* at 13); "Zazula's most recent [ ] Affidavit is false" (*Id.* at 14); "Affidavit of Zazula is a falsification of the truth" (*Id.* at 19); and "Zazula's Affidavit is a falsification after the fact." (*Id.* at 20).

Furthermore, Plaintiff insinuated that defense counsel was guilty of professional misconduct by knowingly submitting the allegedly false Affidavit to the Court, claiming that "the only real issue is whether Hartford and its counsel is [sic] aware that Zazula's recent Affidavit was false at the time it provided the Affidavit to the Court." (*Id.* at 14).[1]

However, Plaintiff's motion failed to provide any evidentiary support for Plaintiff's outlandish accusations.

## II.   **LEGAL AUTHORITY**

Under Rule 11 of the Federal Rules of Civil Procedure, a court has the authority to sanction a party for filing a motion which contains allegations of fact which are wholly unsupported by evidence.  Federal Rule of Civil Procedure 11(b) states that a party's filing represents to the court that the "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Fed. R. Civ. P. 11(b).  In interpreting Rule 11, the District

---

[1] In Plaintiff's "Response to [Hartford's] Proposed Rule 11 Motion" it stated that "by no means did we mean to imply that defense counsel acted improperly in any manner" and that Hartford's counsel had "misread []" Plaintiff's Motion in that regard.  While the undersigned certainly appreciates Plaintiff's quick backtrack on that particularly egregious accusation, the accusation's slanderous insinuation remains undeniable.

Court for the Eastern District of Pennsylvania has found that "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." *Kimmel v. Cavalry Portfolio Services, LLC*, 747 F.Supp. 2d 427, 437 (E.D.Pa. 2010) (citing *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990) (internal citations omitted)). *See also Servicemaster Co., L.P. v. FTR Transport, Inc.*, 868 F.Supp. 90, 97 (E.D.Pa. 1994) ("An attorney's signature certifies that the attorney has satisfied three duties: (1) that he has read the documents; (2) that he has made a reasonable inquiry; and (3) that he is not acting in bad faith.").

If a court determines that a party has violated Rule 11, then that court "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). The District Court for the Eastern District of Pennsylvania has found that "[i]n determining whether sanctions are appropriate, the court applies an objective standard of reasonableness." *Richelson v. Yost*, 738 F.Supp. 2d 589, 601 (E.D.Pa. 2010). Further, "[t]he court has significant discretion in determining what sanctions, if any, should be imposed for a violation." Fed. R. Civ. P. 11(c) Advisory Committee Notes, 1993 Amendments; *Shepherdson v. Nigro*, 179 F.R.D. 150, 152 (E.D.Pa. 1998). Possible sanctions for a Rule 11 violation include, but are not limited to, "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

III.   **ARGUMENT**

A.   **Plaintiff's Motion in Limine to Bar the Testimony of Plick & Associates and to Strike the Affidavit of Michael Zazula Contains Factual Assertions Which Have No Evidentiary Support.**

Here, Plaintiff's counsel has violated Rule 11 by submitting to this Court a motion in limine which contains numerous unsupported accusations of perjury and professional misconduct on the part of Hartford's expert, Mr. Zazula, and defense counsel. In Plaintiff's Motion, Plaintiff baselessly accuses Mr. Zazula of falsifying an affidavit supplied by Hartford to the Court in support of its Motion for Summary Judgment. For example, throughout its brief, Plaintiff accuses Mr. Zazula at least eight different times of committing perjury: "Mr. Zazula's Affidavit appear[s] to have been created out of thin air . . ." (Memorandum at 4); "Zazula has changed his testimony as to what happened to the sprinkler head" (*Id.* at 10); "Zazula's story . . . is constantly changing" (*Id.* at 12); "Plaintiff's position is that the above Affidavit is false" (*Id.* at 13); "Zazula's testimony is entirely inconsistent" (*Id.* at 13); "Zazula's most recent [ ] Affidavit is false" (*Id.* at 14); "Affidavit of Zazula is a falsification of the truth" (*Id.* at 19); and "Zazula's Affidavit is a falsification after the fact." (*Id.* at 20). Further, Plaintiff accuses defense counsel of knowingly submitting a false affidavit to this Court, claiming that "the only real issue is whether Hartford and its counsel was aware that Zazula's recent Affidavit was false at the time it provided the Affidavit to the Court." (*Id.* at 14).

Despite making these bold accusations, Plaintiff provided absolutely no evidentiary support, and in fact cannot provide any such support, for its claims that Mr. Zazula committed perjury and that defense counsel was aware of said alleged perjury. As discussed in Hartford's Opposition to Plaintiff's Motion in Limine, Mr. Zazula's statements contained within the Affidavit are corroborated. Specifically, Mr. Zazula's statement regarding the disposition of the

sprinkler head contained within the Affidavit is consistent with statements he made in his September 22, 2009 report and his July 24, 2012 report; all three documents provide that Rite-Aid retained possession of the sprinkler head. (*See* September 2009 Report, attached as Exhibit B to Hartford's Opposition, "The subject sprinkler was retained and presented to me by Rite Aid employees"); (July 2012 Report, attached as Exhibit C to Hartford's Opposition, "Rite-Aid employees presented the subject sprinkler to me during my inspection and stated they were to retain it at the conclusion of my inspection."); (Zazula Affidavit, attached as Exhibit A to Hartford's Opposition, "The Rite-Aid employees specifically stated they were instructed to retain the subject sprinkler head at the conclusion of my inspection.").

Further, Mr. Zazula's testimony is corroborated by the deposition testimony of Hartford's adjuster who testified that the damaged sprinkler head was in the possession of Rite-Aid. (Dep. of Broderick at 16:23-25; 17:1-3, attached as Exhibit E to Hartford's Opposition). Significantly, Mr. Zazula's testimony is also corroborated by the deposition testimony of the Rite-Aid store manager, Mr. Ellis, who testified that a Rite-Aid employee retained possession of the sprinkler head after Mr. Zazula's inspection.

Q:    At any time after [March 4, 2009] did you see the old sprinkler head?

A:    After the March 4th date?

Q:    Yes.

A:    I recall seeing it one other time and that's it. It was myself and Jerry and another person. I don't know who it was. I remember looking at it, and that's it. That's all I remember.

Q:    How long after the March 4th incident did you see it?

A:    I would say at least a day or two.

Q:    Why did you see it at that point? Do you know?

A:      *Jerry [Fillman, Rite Aid's District Manager] just showed it to me.*

. . .

Q:      And where did this meeting take place?

A:      It was in the [Rite-Aid] office, in the manager's office.

Q:      *At the Rite-Aid store.*

A:      Yes.

(Dep. of Ellis at 102-103, attached as Exhibit G to Hartford's Opposition) (emphasis added).

As the above discussion demonstrates, Mr. Zazula's testimony is corroborated by numerous sources, yet Plaintiff failed to acknowledge any of this corroborating evidence in its motion. Instead, in support of its motion, Plaintiff relied only upon its own conjecture and an Affidavit from Mr. Fillman which states that he never possessed the sprinkler head. (*See* Fillman Affidavit, attached as Exhibit 6 to Plaintiff's Motion in Limine). However, this Affidavit fails support Plaintiff's inflammatory arguments because it does not contradict Mr. Zazula's testimony, as Mr. Zazula never identified Mr. Fillman as being in possession of the sprinkler head, and furthermore, the Fillman Affidavit is directly contradicted by the deposition testimony of Mr. Ellis, who was Mr. Fillman's employee at the time of the inspection.

Thus, the outrageous assertions of perjury and professional misconduct contained within Plaintiff's motion in limine are without evidentiary support and, in fact, are wholly contradicted by the evidence of record.

**B.      The Court Should Impose Sanctions on Plaintiff's Counsel Because He Violated Rule 11 by Signing and Filing a Motion with the Court Which Contains Unsupported Allegations of Fact.**

Plaintiff's counsel has violated Rule 11 because he signed and submitted to this Court a motion which contains factual contentions that have no evidentiary support. Under Rule 11, a

party's filing represents to the court that the "the factual contentions have evidentiary support[.]" Fed. R. Civ. P. 11(b). Yet, here, Plaintiff's counsel signed and filed a motion in limine which accuses Mr. Zazula of perjury and defense counsel of professional misconduct, without providing any support other than Plaintiff's own baseless conjecture. As such, Plaintiff's counsel violated the duty imposed upon him to "conduct[] a reasonable inquiry and . . . determine[] that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." *Kimmel*, 747 F.Supp. 2d at 437.

Sanctions are appropriate in this case because it was wholly unreasonable for Plaintiff's counsel to sign and file a motion in limine which contains such outrageous accusations without any supporting evidence. *Richelson*, 738 F.Supp. 2d at 601 ("In determining whether sanctions are appropriate, the court applies an objective standard of reasonableness."). In fact, when faced with facts similar to those present here, the District Court for the Eastern District of Michigan, imposed Rule 11 sanctions *on its own initiative* because the plaintiffs' allegations of perjury and professional misconduct were not based in any evidentiary support. *Kemp v. Pfizer, Inc.*, 152 F.R.D. 556, 561-62 (E.D.Mich. 1993), *vacated on other grounds*, 964 F.Supp. 245 E.D. Mich. 1997. In *Kemp*, the plaintiffs accused several of defendants' attorneys and employees of committing perjury, stating that '[d]efendants have been remarkably consistent in their complete disregard for ethical conduct.'" *Id.* at 559. The court examined each allegation of perjury and found that each allegation was wholly unfounded. *Id.* at 559-61. The court then, on its own initiative, found that Rule 11 required the imposition of sanctions upon the plaintiffs' counsel, stating:

> Plaintiffs' accusations of perjury and request for referral of this matter to state bar disciplinary committees are not well grounded in fact and are not warranted by existing law or even a good faith argument for extension or modification of existing law. . . . Plaintiffs' counsel has attempted to turn reasonable legal disputes

into an occasion to use the ugly accusation of "perjury" against six different individuals employed by defendants or acting as defense counsel. Furthermore, plaintiffs' request that this matter be referred to state bar disciplinary committees has no basis and is inflammatory. Plaintiffs' counsel has not even demonstrated one episode of misconduct on the part of any of the attorneys employed by defendants. Thus, mention of the state bar committees by plaintiffs' counsel was unnecessary, unreasonable, and extreme. Plaintiffs' claims that defendants "have been remarkably consistent in their complete disregard for ethical conduct" and that defendants have made a "mockery of the civil justice system" go beyond the bounds of reasonable and professional commentary before this court. Accusations of "conspiracy," "fraud," and "witness tampering" do not serve the adjudication of this dispute.

*Id.* at 561-62. While the *Kemp* case is not dispositive here, it illustrates that Rule 11 sanctions are appropriate when a party's attorney signs and files a motion which contains unsupported allegations of perjury and professional misconduct.

Here, Plaintiff's counsel violated Rule 11 by signing and filing Plaintiff's Motion in Limine to Bar the Testimony of Plick & Associates and to Strike the Affidavit of Michael Zazula when this motion contained unsupported factual contentions. Therefore, pursuant to Rule 11, this Court should impose sanctions upon Plaintiff's counsel. Specifically, Hartford requests that this Court enter an order barring the Plaintiff from arguing or introducing any evidence at trial to suggest that Hartford Casualty Insurance Company and/or its employees or agents caused or in any way contributed to the disappearance of the subject sprinkler head, reprimanding Plaintiff's counsel for violating Rule 11, and awarding attorney's fees incurred in defending against Plaintiff's motion in limine and preparing the present motion for sanctions.

## IV.   CONCLUSION

**WHEREFORE**, Defendant Hartford Casualty Insurance Company respectfully requests that its Motion for Sanctions be GRANTED and further that this Court enter an order barring the Plaintiff from arguing or introducing any evidence at trial to suggest that Hartford Casualty Insurance Company and/or its employees or agents caused or in any way contributed to the

disappearance of the subject sprinkler head, reprimanding Plaintiff's counsel for violating Rule 11, and awarding attorney's fees incurred in defending against Plaintiff's motion in limine and preparing the present motion for sanctions.

Respectfully submitted,

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP

s/Thomas S. Coleman

RICHARD D.GABLE, JR., ESQ.
rgable@butlerpappas.com
THOMAS S. COLEMAN, ESQ.
tcoleman@butlerpappas.com
1818 Market Street, Suite 2740
Philadelphia, PA  19103
Telephone:     (215) 405-9191
Facsimile:      (215) 405-9190
*Attorneys for Defendant, Hartford Casualty Insurance Company*

Dated:  November 1, 2012

## CERTIFICATE OF SERVICE

I, Thomas S. Coleman, hereby certify that, on this 1st day of November, 2012 a true and correct copy of Defendant's Motion For Rule 11 Sanction and Memorandum of Law in Support thereof has been served on the following counsel of record via email.

Mark S. Kancher, Esquire
The Kancher Law Firm, LLC
Grove Professional Center
100 Grove Street
Haddonfield, NJ 08033

Mark S. Haltzman, Esq.
Silverang & Donohoe, LLC
595 East Lancaster Avenue, Ste. 203
St. Davids, PA  19087

*Attorneys for the Plaintiff*

BUTLER PAPPAS WEIHMULLER

KATZ & CRAIG, LLP

By: ___ s/Thomas Coleman _____ _____

Thomas S. Coleman, Esquire
1818 Market Street
Suite 2740
Philadelphia, PA  19103
(215) 405-9191
*Attorneys for Defendant,*
*Hartford Casualty Insurance Company*