IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
7TH & ALLEN EQUITIES,           )
                                )   Civil Action
            Plaintiff           )   No. 11-cv-01567
                                )
       vs.                      )
                                )
HARTFORD CASUALTY INSURANCE     )
   COMPANY,                     )
                                )
            Defendants          )
```

O R D E R

NOW, this 1st day of November, 2012, upon consideration of the following documents:

    (1) Defendant Hartford Casualty Insurance Company's Notice of Motion in Limine to Trifurcate the Liability Aspect of Plaintiff's Breach of Contract and Declaratory Judgment Claims (Counts I and II) from the Damages Aspect of the Case and its 42 Pa.C.S.A. § 8371 Claim (Count III), which notice was filed September 24, 2012 (Document 62), together with

        (A) Defendant Hartford Casualty Insurance Company's Brief in Support of Its Motion in Limine to Trifurcate the Liability Aspect of Plaintiff's Breach of Contract and Declaratory Judgment Claims (Counts I and II) from the Damages Aspect of the Case and its 42 Pa.C.S.A. § 8371 Claim (Count III); and

    (2) Plaintiff's Response in Opposition to Defendant's Motion *in Limine* to Trifurcate the Trial, which response was filed October 9, 2012 (Document 78), together with

        (A) Plaintiff's Memorandum of Law in Opposition to Defendant's Motion *in Limine* to Trifurcate the Trial,

IT IS ORDERED that Defendant Hartford Casualty Insurance Company's Notice of Motion in Limine to Trifurcate the Liability Aspect of Plaintiff's Breach of Contract and Declaratory Judgment Claims (Counts I and II) from the Damages Aspect of the Case and its 42 Pa.C.S.A. § 8371 Claim (Count III) is denied.[1]

BY THE COURT:

*[signature]*
James Knoll Gardner
United States District Judge

---

[1]     This case arises from a leak to a sprinkler system in plaintiff's Property and defendant's refusal to pay plaintiff's claim for insurance benefits for the damages resulting from the sprinkler leak.

On June 3, 2011 plaintiff filed its First Amended Complaint, which asserts a claim for Declaratory Judgment (Count I); Breach of Contract (Count II); and Bad Faith (Count III).

In the within motion, defendant requests the court to trifurcate the trial of this case so that the jury will decide plaintiff's breach of contract and declaratory judgment claims prior to hearing plaintiff's bad faith claim and prior to determining the appropriate damages for each claim.

Defendant contends that trifurcating the trial will improve judicial economy because if defendant prevails on the breach of contract and declaratory judgment claims, then no issues of bad faith or damages need to be considered. Moreover, defendant contends that trifurcating the trial will protect against possible confusion of the jury and unfair prejudice to defendant.

Federal Rule of Civil Procedure 42(b) provides that for "convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."

A party seeking bifurcation has the burden of "presenting evidence that a separate trial is proper in light of the general principle that a single trial tends to lessen the delay, expense, and inconvenience to the

(Footnote 1 continued):

---

(<u>Continuation of footnote 1</u>):

parties." <u>Zurich Insurance Company v. Health Systems Integration, Inc.</u> 1998 U.S.Dist. LEXIS 5297 at *2 (E.D.Pa. April 30, 1998).

Moreover, "[b]ifurcation is an extraordinary remedy that is not to be routinely ordered". <u>Id.</u> (Internal quotations omitted).

Here, I conclude that defendant has not established that trifurcating the trial is warranted.

First, judicial economy could only be served by trifurcating the trial if defendant prevailed on the plaintiff's breach of contract and claim for declaratory relief. At this juncture, such an assumption is not warranted.

Second, it is possible that trifurcation would foster judicial inefficiency, rather than judicial efficiency, by potentially requiring three sets of judicial opening instructions and jury charges, charge conferences, opening statements by counsel and closing arguments, rather than one each.

Third, trifurcation is just as likely to confuse the jury (by giving them three sets of partial jury instructions in three separate jury charges, rather than one complete consolidated set of instructions), as to lessen the likelihood of jury confusion.

Fourth, defendant has not indicated how it would suffer any prejudice in the absence of trifurcating the trial.

Therefore, defendant's motion to trifurcate the trial is denied.