IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

7TH & ALLEN EQUITIES,               )
                                              )  Civil Action
            Plaintiff                         )  No. 11-cv-01567
                                              )
       vs.                                    )
                                              )
HARTFORD CASUALTY INSURANCE                   )
   COMPANY,                                   )
                                              )
            Defendants                        )

## O R D E R

NOW, this 1st day of November, 2012, upon consideration of the following documents:

    (1) Defendant Hartford Casualty Insurance Company's Notice of Motion in Limine to Exclude the Testimony of Gary Sheesley, P.E., which notice was filed September 24, 2012 (Document 65), together with

        (A) Defendant Hartford Casualty Insurance Company's Brief in Support of Its Motion in Limine to Exclude the Testimony of Gary Sheesley, P.E.; and

        (B) Exhibits A through I to defendant's brief; and

    (2) Plaintiff's Response in Opposition to Defendant's Motion *in Limine* to Exclude the Testimony of Gary Sheesley, P.E., which response in opposition was filed October 9, 2012 (Document 79), together with

        (A) Plaintiff's Memorandum of Law in Opposition to Defendant's Motion *in Limine* to Exclude Expert Testimony of Gary Sheesley, P.E.; and

        (B) Exhibits A through G to plaintiff's response;

it appearing that defendant's motion seeks to exclude the

proposed testimony of plaintiff's expert witness Gary Sheesley, P.E. pursuant Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); it further appearing that the within motion is not timely[1],

---

[1]   On November 3, 2011 I conducted a Rule 16 Status Conference by telephone conference call in the within matter. At the status conference, counsel for each party agreed that the case be attached for trial commencing November 19, 2012 and agreed to numerous interrelated pretrial deadlines, including a September 24, 2012 deadline to file motions in limine. (See Rule 16 Status Conference Order dated November 3, 2012 and filed November 7, 2012 (Document 21)).

On February 29, 2012 I entered an Amended Jury Trial Attachment Order (Document 29), which rescheduled the trial from November 19, 2012 to November 5, 2012. My Amended Jury Trial Attachment Order also stated that "any party who contends that the proposed testimony of any expert witness is inadmissible in whole or in part, pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), shall file a Daubert motion and proposed Order, accompanied by a brief, at least sixty days prior to the trial date."

Accordingly, the deadline to file a Daubert motion was September 6, 2012 (sixty days before the November 5, 2012 trial date).

On September 14, 2012 the parties presented a Joint Stipulation to Extend the Daubert Motion Deadline Until September 24, 2012. (The stipulation was dated September 13, 2012 and filed September 21, 2012 (Document 61-1)). However, by Order dated September 20, 2012 and filed September 21, 2012 (Document 61) I denied the parties' request to extend the deadline to file Daubert motions. In footnote 1 to that Order, I indicated that extending the deadline would not leave sufficient time to adjudicate a Daubert motion prior to trial.

The within motion is described in the motion title as a "Motion in Limine" and was filed by defendant on September 24, 2012. Therefore, were the within motion actually a motion in limine, it would be timely.

However, a cursory examination of defendant's motion makes clear that defendant seeks to exclude the testimony of plaintiff's expert witness, Gary Sheesley, P.E. pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., supra. (See Defendant Hartford Casualty Insurance Company's Brief in Support of Its Motion in Limine to Exclude the Testimony of Gary Sheesley, P.E., page 2). Therefore, the within motion is plainly a Daubert motion and was subject to the September 6, 2012 deadline established in my Amended Jury Trial Attachment Order.

Because the within motion is a Daubert motion and was not timely filed, I dismiss it as untimely. However, nothing contained in this Order shall preclude the parties from making evidentiary objections at trial challenging the qualifications of an expert to render certain opinions, or

(Footnote 1 continued):

IT IS ORDERED that Defendant Hartford Casualty Insurance Company's Notice of Motion in Limine to Exclude the Testimony of Gary Sheesley, P.E. is dismissed as untimely.

BY THE COURT:

*/s/ James Knoll Gardner*
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 1):

challenging the methodology of an expert, or making other challenges to an expert, pursuant to Daubert, or otherwise. Failure to file a Daubert motion at least 60 days prior to trial precludes a party from obtaining a ruling in advance of trial, but does not preclude the making of such objection at trial.