IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 7TH & ALLEN EQUITIES,<br><br>              Plaintiff,<br><br>    v.<br><br>HARTFORD CASUALTY INSURANCE<br>COMPANY,<br><br>              Defendant. | :<br>:<br>:<br>:   CIVIL ACTION NO. 5:11-01567-JKG<br>:<br>:<br>:<br>:<br>:<br>: |

# ORDER

**AND NOW**, this _____ day of _____, 2012, upon consideration of Plaintiff's Motion for Leave to File a Motion in Limine Based on the Court's Above-Captioned Summary Judgment Decision, Defendant Hartford Casualty Insurance Company's Opposition thereto, and the record as a whole, it hereby is **ORDERED and DECREED** that the said motion is **DENIED**.

BY THE COURT:

_____
                                                               J.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 7TH & ALLEN EQUITIES, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. 5:11-01567-JKG |
| v. : | |
| : | |
| HARTFORD CASUALTY INSURANCE : | |
| COMPANY, : | |
| : | |
| Defendant. : | |

**BRIEF OF DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION IN LIMINE BASED ON THE COURT'S ABOVE-CAPTIONED SUMMARY JUDGMENT DISPOSITION**

Defendant Hartford Casualty Insurance Company ("Hartford"), by its undersigned counsel, hereby presents the following Brief in Opposition to Plaintiff's Motion for Leave to File a Motion in Limine Based on the Court's Above-Captioned Summary Judgment Decision, as follows:

I.  **FACTS**

On November 11, 2011, this Court entered a Rule 16 Status Conference Order stating that motions in limine in this case must be filed on or before September 24, 2012. (*See* Docket No. 21).

On November 2, 2012, this Court entered an Order granting in part and denying in part Hartford's motion for summary judgment. (*See* Docket No. 96). This Court affirmatively found that the Policy's coverage exclusion applies because "the Property was unambiguously vacant as defined by the Policy" and "it is undisputed that the First Loss involved sprinkler leakage." (*Id.* at 16). The only issue related to coverage left to be determined at trial is whether an exception to

the Policy exclusion applies, *i.e.*, whether Plaintiff protected the system against freezing. (*Id.* at 17).

On November 6, 2012, Plaintiff filed a Motion for Leave to File a Motion in Limine Based on the Court's Above-Captioned Summary Judgment Disposition. (Docket No. 98). The only argument Plaintiff sets forth as to why it should be permitted to file an untimely motion in limine is

> Inasmuch as this matter will be tried before a jury, the purpose of a motion in limine is to dispose of evidentiary matters out of the hearing of the jury, and plaintiff cannot have predicted the Court [*sic*] said disposition, then plaintiff seeks leave to file such a motion regarding certain issues resolved by the Court's said disposition.

(Docket No. 98 at 2).

Plaintiff's proposed motion in limine seeks to preclude Defendant from proffering evidence or argument of the International Fire Code or the International Building Code. (*See* Exhibit A to Docket No. 98). Plaintiff also seeks to preclude Defendant from arguing at trial that Plaintiff failed to maintain the temperature of the third floor of the subject building above 40 degrees Fahrenheit. (*Id.*) In support of its proposed motion in limine, Plaintiff relies upon a portion of this Court's opinion, which states:

> [T]he Policy does not refer to the International Fire Code and the International Building Code, which require that the interior of buildings with a wet-sprinkler system be heated to a minimum of 40 degrees Fahrenheit. Furthermore, defendant has not established that the third floor temperature was below 40 degrees at the time of the March 4, 2009 incident.

(Docket No. 96 at 21).[1]

---

[1] It is Hartford's position that Plaintiff's motion for leave to file a motion in limine must be denied because the deadline for filing motions in limine has long since passed and Plaintiff has been well aware of the existence and relevance of the International Fire Code, the International Building Code, and NFPA 25-5.2.5. However, to the extent that Plaintiff's motion for leave is

2

## II. ARGUMENT

Plaintiff's motion for leave to file a motion in limine should be denied because it is untimely. This Court's Rule 16 Status Conference Order required all motions in limine to be filed on or before September 24, 2012. (*See* Docket No. 21). Plaintiff now seeks leave to file a motion in limine more than a month and a half after the filing deadline and therefore Plaintiff's request should be denied. *See Martsolf v. Brown*, 457 Fed.Appx. 167 (3rd Cir. 2012) (upholding denial of motions in limine which were untimely filed).

In addition, Plaintiff's motion for leave to file a motion in limine should be denied because the existence and relevance of the International Fire Code and the International Building Code, specifically NFPA 25, are not a surprise to Plaintiff and should have been addressed, if at all, in a timely filed motion in limine. The City of Allentown has adopted these Codes and therefore as the owner of a building in Allentown, Plaintiff knew or should have known about the existence of these requirements. *See Smith v. U.S.*, 2012 WL 3245347, at *1 (3rd Cir. 2012) ("Ignorance of the rule does not excuse failure to comply"); *Nat'l Book Consolidators, Inc. v. N.L.R.B.*, 672 F.2d 323, 332 (3rd Cir. 1982) ("If the ignorance of the law is no excuse for a layman who commits a crime, ignorance of an important principle of labor law on the part of a lawyer practicing in this field is also inexcusable.").

Furthermore, the evidence of record reveals that Plaintiff was in fact aware of NFPA 25 as far back as October of 2004. On October 28, 2004, Plaintiff signed an agreement with Kistler O'Brien for the inspection and maintenance of the sprinkler system in the Building. *See* Kistler O'Brien Renewal Agreement dated 10/28/04, attached hereto as Exhibit B. This agreement specifically states that Kistler O'Brien will perform inspections of the Building's sprinkler

---

granted, Hartford opposes Plaintiff's motion in limine and relies upon its Brief in Opposition, attached hereto as Exhibit A.

3

system pursuant to NFPA 25 and that "N.F.P.A. 25, the standard for the inspection, testing and maintenance of water based fire protection, specifies that the owner has the responsibility of maintaining the system(s)."[2] *Id.* Kistler O'Brien then inspected the Building's sprinkler system on November 4, 2004 and noted at that time that Plaintiff was not in compliance with NFPA 25 because "[t]he unoccupied parts of the building do not have heat, pipes could freeze and brake [*sic*]." Kistler O'Brien Sprinkler System Inspection Report, attached hereto as Exhibit C, at 2. Thus, the evidence of record shows that, by the fall of 2004, Plaintiff was aware of NFPA 25 and its obligations which Plaintiff was required to satisfy.

Thus, Plaintiff's contention that, prior to the Court's Summary Judgment Order, it could not have predicted that evidence of the International Fire Code, the International Building Code, and the NFPA 25 would be relevant at trial is unfounded. To the contrary, Plaintiff has been aware of these Codes and their requirements since at least October 2004. If Plaintiff wanted to move in limine on this issue, it could have done so prior to the filing deadline. Plaintiff failed to do so and therefore Plaintiff's motion for leave to file a motion in limine must be denied.

---

[2] Plaintiff's representative, Brian Hannon, signed the October 28, 2004 agreement with Kistler O'Brien and Plaintiff produced this agreement from its own files during discovery. *See* Exhibit B. Thus, Plaintiff was well aware of the existence of this document and its references to NFPA 25.

4

                    Respectfully submitted,

                    ANSA ASSUNCAO LLP

                    s/Michael J. O'Neill

                    MICHAEL J. O'NEILL, ESQ.
                    Michael.O'Neill@ansalaw.com
                    Ansa Assuncao LLP
                    1600 JFK Boulevard, Suite 900
                    Philadelphia, PA 19103
                    Telephone: (267) 528-0750
                    Facsimile:  (267) 528-0726
                    *Attorneys for Defendant, Hartford Casualty Insurance Company*

Dated: November 8, 2012

## CERTIFICATE OF SERVICE

I, Michael J. O'Neill, hereby certify that, on this 8th day of November, 2012 a true and correct copy of Defendant's Brief in Opposition to Plaintiff's Motion for Leave to File a Motion in Limine Based on the Court's Above-Captioned Summary Judgment Decision has been served on the following counsel of record via the Court's Electronic filing system:

Mark S. Kancher, Esquire
The Kancher Law Firm, LLC
Grove Professional Center
100 Grove Street
Haddonfield, NJ 08033

Mark S. Haltzman, Esq.
Silverang & Donohoe, LLC
595 East Lancaster Avenue, Ste. 203
St. Davids, PA 19087

*Attorneys for the Plaintiff*

ANSA ASSUNCAO LLP

s/Michael J. O'Neill

MICHAEL J. O'NEILL, ESQ.
Michael.O'neill@ansalaw.com
Ansa Assuncao LLP
1600 JFK Boulevard, Suite 900
Philadelphia, PA 19103
Telephone:  (267) 528-0750
Facsimile:  (267) 528-0726
*Attorneys for Defendant, Hartford Casualty Insurance Company*