# EXHIBIT "D"

{00247877;1}

**Stephen Skovron**
___

| | |
|---|---|
| **From:** | Mark Haltzman |
| **Sent:** | Tuesday, October 30, 2012 1:39 PM |
| **To:** | 'Tom Coleman'; 'Rich Gable' |
| **Cc:** | 'Mark Kancher' |
| **Subject:** | Response to Your Proposed Rule 11 Motion |
| **Attachments:** | Mark S. Haltzman (MHaltzman@sanddlawyers.com).vcf |



Mark S. Haltzman
(MHaltzman@sa...)

Thomas S. Coleman, Esquire
Richard D. Gable, Jr., Esquire
Butler Pappas Weihmuller Katz Craig LLP
1818 Market Street, Suite 2740
Philadelphia, PA 19103

October 30, 2012

   Re:  Response to Rule 11 Motion

Dear Tom and Rich:

   We am writing to you to clarify the Plaintiff's position with regard to Mr. Zazula's Affidavit, submitted by him in response to Plaintiff's contention that Mr. Zazula, and by extension your client, Hartford, spoliated the most important piece of evidence in this matter, that is, the sprinkler head that failed and caused the damages to the Building at 7th & Allen Streets in Allentown on March 4, 2009.

   Your comment on the second page of your proposed Memorandum of Law in support of your Motion for Rule 11 sanctions, states that "Plaintiff insinuated that defense counsel was guilty of professional misconduct . . . " is a misreading of Plaintiff's Motion. By no means did we mean to imply that defense counsel acted inappropriately in any manner. You should not have inferred that from the pleadings, and certainly we meant no such meaning. Let me say without equivocation: Plaintiff and counsel do not think that you, as counsel for Hartford, conducted yourselves in any inappropriate way in preparing and/or submitting Mr. Zazula's Affidavit, as we believe that the Affidavit contains only what Zazula told you.

   Our pleadings with respect to the Zazula Affidavit state only our opinion based on the information that we had that the content of the Affidavit where describes his actions in not preserving the sprinkler head is simple not credible. It makes no sense that an experienced expert, alone or in combination with an insurance company, Hartford, that has extensive litigation experience dealing with claims by its policyholders, would not have taken extensive steps and precautions to preserve the device which caused the damage to its insured's property and, furthermore, on which Hartford bases its entire defense in the case. This is particular true where Zazula himself states in the Affidavit that the sprinkler head is "clearly a significant evidentiary component in determining the causation of the subject loss".

   We are content, and intended no other inference, that you drafted the pleading and/or submitted the Affidavit according to Mr. Zazula's direction. It isn't your conduct that we disbelieved; it is the conduct and story of Mr. Zazula which we are questioning.

1

We trust that this letter addresses your concerns with our position with regard to the spoliation issue, both on our Motion in Limine and as a part of our response to your Motion for Summary Judgment. We will be sending a letter to Judge Gardner in substantial the same form as this letter so that Judge Gardner will also clearly understand that our comments in our Motion in Limine were not to interpreted to infer any wrongdoing on your behalf.

Please feel free to contact either one of us if you have any questions regarding this letter, our Motion, or our response to the Defendant's Motion for Summary Judgment.

Very truly yours,

Mark S. Haltzman, Esquire


Mark S. Kancher, Esquire