```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

7TH & ALLEN EQUITIES,         )
                              )   Civil Action
            Plaintiff         )   No. 11-cv-01567
                              )
     vs.                      )
                              )
HARTFORD CASUALTY INSURANCE   )
   COMPANY,                   )
                              )
            Defendants        )
```

O R D E R

      NOW, this 27th day of December, 2012, upon consideration of the following documents:

    (1) Plaintiff's Motion for Leave to File a Motion *In Limine* Based on the Court's Above-Captioned Summary Judgment Disposition, which motion was filed November 6, 2012 (Document 98), together with

        (A) Memorandum of Law Supporting Plaintiff's Motion for Leave to File a Motion *In Limine* Based on the Court's Above-Captioned Summary Judgment Disposition;

        (B) Plaintiff's Motion *In Limine* to Preclude Defendant from Proffering Evidence or Argument at the Trial Hereof Regarding the International Fire Code, the International Building Code, or that Plaintiff Failed to Maintain the Interior Temperature of the Third Floor of the Subject Building Above Forty Degrees Fahrenheit; and

        (C) Memorandum of Law Supporting Plaintiff's Motion *In Limine* to Preclude Defendant from Proffering Evidence or Argument at the Trial Hereof Regarding the International Fire Code, the International

>>Building Code, or that Plaintiff Failed to Maintain the Interior Temperature of the Third Floor of the Subject Building Above Forty Degrees Fahrenheit; and

>(2) Brief of Defendant Hartford Casualty Insurance Company in Opposition to Plaintiff's Motion for Leave to File a Motion in Limine Based on the Court's Above-Captioned Summary Judgment Disposition, which brief was filed November 8, 2012 (Document 99);

it appearing that plaintiff requests leave to file an untimely motion in limine,

<u>IT IS ORDERED</u> that Plaintiff's Motion for Leave to File a Motion *In Limine* Based on the Court's Above-Captioned Summary Judgment Disposition is denied.[1]

>BY THE COURT:

>/s/ James Knoll Gardner
>James Knoll Gardner
>United States District Judge

---

[1] On November 3, 2011 I conducted a Rule 16 Status Conference by telephone conference call in the within matter. At the status conference, counsel for each party agreed that the case be attached for trial commencing November 19, 2012 and agreed to numerous interrelated pretrial deadlines, including a September 24, 2012 deadline to file motions in limine. (<u>See</u> Rule 16 Status Conference Order dated November 3, 2012 and filed November 7, 2012 (Document 21)).

Because of various criminal matters pending before me during my November trial term, by Amended Jury Trial Attachment Order filed November 9, 2012 (Document 100), trial in the above-captioned matter was re-scheduled for January 28, 2013. However, my November 9, 2012 Order did not extend the deadline to file motions in limine.

Plaintiff's motion for leave to file a motion in limine was filed on November 6, 2012, 43 days past the deadline to file motions in limine. Therefore, plaintiff's proposed motion in limine is untimely.

(<u>Footnote</u> 1 continued):

---

(<u>Continuation of footnote 1</u>):

        Plaintiff appears to contend that an untimely filing of its motion in limine is warranted because plaintiff could not have predicted the matters disposed of in an Order and Opinion dated and filed November 2, 2012 (Documents 96 and 97), which adjudicated defendant's motion for summary judgment.  However, plaintiff does not explain how any matters that were presented in defendant's motion for summary judgment prevented plaintiff from filing a timely motion in limine.

        Although I dismiss the within motion as untimely, nothing contained in this Order shall preclude the parties from making evidentiary objections at trial.  Failure to file a timely motion in limine precludes a party from obtaining a ruling in advance of trial, but does not preclude the making of such objection at trial.